THE STATE, INGVARD HOEBERG, PROSECUTOR, v. WILLIAM
   K. NEWTON, STATE DAIRY COMMISSIONER, WHO SUES,
   &c.

THE STATE, PETER NELSON, PROSECUTOR, v. THE SAME.

THE STATE, NICHOLAS NEARY, PROSECUTOR, v. THE SAME.

THE STATE, PETER THERKELSON ET AL., PROSECUTORS,
   v. THE SAME.

Proceedings under the Oleomargarine act of March 22d, 1886 (*Rev. Sup.*,
   *p.* 70), are summary, and the record of them must comply with the
   legal rules established for the framing of summary convictions. It
   must set forth the evidence on which the conviction rests, and the
   offence of which the defendant was found guilty.

On *certiorari.*

Argued at February Term, 1887, before Justices KNAPP
and DIXON.

For the prosecutors, *J. W. Beekman.*

For the state dairy commissioner, *Howard McSherry.*

The opinion of the court was delivered by

DIXON, J.   The several suits brought before us by these
writs of *certiorari* were instituted by virtue of "An act to
prevent deception in the sale of oleomargarine, butterine, or
any imitation of dairy products, and to preserve the public
health," approved March 22d, 1886. *Pamph. L., p.* 107.
They were prosecuted by the state dairy commissioner to
recover penalties of $100 each, alleged to have been incurred
by violation of the fourth section of said act.   The complaint
in each case averred that the defendant, at a time stated,
sold to one McGuire a half-pound of oleomargarine, in imita-

tion or semblance of natural butter, at retail, and did not, *at the time of said sale,* inform McGuire that the same was not natural butter, but imitation butter, nor give to McGuire a card with the name of the seller printed thereon.   The evident object of the complaint was to charge a violation of the section in two particulars : one, by selling without giving the requisite information; the other, by selling without giving a proper card.

In the first particular the complaint is defective, for it sets out only a failure to inform the purchaser *at the time of sale,* while by the statute information *before the sale* is sufficient. Being a penal law, it must be construed strictly, and should not be extended beyond its words (*Allen* v. *Stevens,* 5 *Dutcher* 509), and the party seeking to recover the penalty ought to show a case clearly and distinctly within its provisions. *Allaire* v. *Howell Works Co.,* 2 *Green* 21. But in the other particular the complaint seems to follow the language of the statute, and therefore can be sustained.   But the fact that an attempt has evidently been made to formulate an offence in two respects, which has legally succeeded in only one respect, makes it more plainly just for the court to enforce another well-settled rule of law, namely, that in summary convictions the record must show the evidence on which the defendant was convicted, and of what offence he was found guilty.   *Keeler* v. *Milledge,* 4 *Zab.* 142; *Buck* v. *Danzenbacker,* 8 *Vroom* 359; *Doughty* v. *Conover,* 13 *Vroom* 193 ; *Lyons* v. *Spratford,* 14 *Vroom* 376.

The proceedings under this statute belong to the class styled "summary."   They are to be instituted before a single magistrate, for the violation of a police law ; no pleadings are necessary except the sworn complaint on which the process issues. On return of the process the matter is forthwith triable before the magistrate without a jury, and on conviction the defendant's goods, chattels and person may be immediately taken for the penalty, which, on receipt, goes into the state treasury. Under it a man may be convicted and imprisoned in execution within twenty-four hours after the alleged offence, without a trial by jury.   Such a conviction is summary, and the record

of it must show that the judge, before whom it was had, con-
formed to all the essentials of the law. 1 *Burn's Just.* 409.

The records now before us do not set forth the evidence nor
the facts which the evidence proved, nor of what the defend-
ants were deemed guilty. The proceedings were also in other
respects illegal, but the above-mentioned cause for reversal is
sufficient.

Let the judgments be reversed.