## UNITED STATES *v.* BORNEMAN.

### *(District Court, D. New Jersey. March 4, 1890.)*

PLEADING—DECLARATION—IMPORTATION OF CONTRACT LABOR.

A declaration in debt for the penalty imposed by Act U. S. Feb. 26, 1885, forbidding the importation of foreigners under contract for labor, which fails to allege that the foreign laborer did actually immigrate to this country, and that the defendant when he assisted him to migrate knew that he was under contract, is fatally defective. Following *U. S. v. Craig*, 28 Fed. Rep. 795.

At Law. On demurrer to declaration.

*Howard W. Hayes*, Asst. U. S. Dist. Atty., for plaintiff.

*Platt & Bowers*, *John M. Bowers*, and *Latham G. Reed*, for defendant.

GREEN, J. This was an action of debt to recover a penalty of $1,000 for the importation of a foreign laborer in violation of the act of congress entitled "An act to prohibit the importation and immigration of foreigners and aliens under contract or agreement to perform labor in the United States, its territories, and the District of Columbia," approved February 26, 1885. The declaration averred that "on the first day of April, eighteen hundred and eighty-nine, at Newark, in the district of New Jersey, the defendant, then and there being a citizen of the state of New Jersey, did knowingly assist, encourage, and solicit the importation of and migration into the United States of one Herman Passauer, then being an alien and foreigner, and a citizen of the republic of Switzerland, and not a relative, personal friend, or member of the family of the said defendant, under a contract theretofore and previous to said importation and migration made by the said Herman Passauer to perform labor and service as an embroiderer and stitcher in the embroidery business of the said defendant; said embroidery business then not being a new industry, but having been established in the United States for a long time, to-wit, for more than five years hitherto, to-wit, at Newark, in the district aforesaid. Whereby, and by force of the provisions of the statutes of the United States in such case made and provided, an action hath accrued to the United States of America to have and demand from the said defendant the sum of two thousand dollars, above demanded." To this declaration the defendant interposed a general demurrer. The declaration

being founded upon a statute penal in its character, a well-settled principle of pleading requires that in it must be averred every particular necessary to bring the case within the purview of the statute. All the circumstances must be stated which are requisite to support the action. Nothing is to be left to inference or conjecture; and so vicious is a pleading in which occurs an omission of such necessary particulars that a conclusion *contra formam statuti* will not overcome the fault. 1 Chit. Pl. 386; *Burnham* v. *Webster*, 5 Mass. 270; *Henniker* v. *Railroad Co.*, 29 N. H. 146; *Crawford* v. *Railroad Co.*, 28 N. J. Law, 480. In *U. S.* v. *Craig*, 28 Fed Rep. 795, 799, Judge BROWN held, in construing this statute, that, in order to give a right of action under it, three things were essential: (1) The immigrant must, previous to his becoming a resident of the United States, have entered into a contract to perform labor or service here. (2) He must have actually migrated or entered into the United States in pursuance of such contract. (3) The defendant must have prepaid his transportation, or otherwise assisted, encouraged, or solicited his migration, knowing that the immigrant had entered into this illigal contract. This construction of the statute seems to me to be sound. In fact, I do not see how any other view of the act could be taken. This being so, it follows that good pleading would require these essentials to be clearly and precisely averred in the declaration. But there is neither any averment that the foreign laborer did ever immigrate into the United States, nor that the defendant knew, when he assisted or encouraged the laborer to migrate, that he was under a contract to perform labor in the United States. The omission to make these necessary averments is fatal. The defendant is entitled to judgment upon the demurrer.