## MOLLER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. June 20, 1893.)

### No. 115.

1. IMMIGRATION — CONTRACT LABOR LAW—PRIOR CONTRACT ESSENTIAL TO OFFENSE.

   Neither the prepaying of transportation, nor the assisting or encouraging, in any wise, the importation, of an alien, is a violation of the contract labor act of February 26, 1885, (23 Stat. 332, c. 164,) without a contract

or agreement, made previous to the importation or migration, binding the alien to perform labor or service in the United States, its territories, or the District of Columbia.

2. SAME—PROCEEDING NOT OF CRIMINAL NATURE—EVIDENCE—DEPOSITIONS.

A suit by the United States under the contract labor act of February 26, 1885, (23 Stat. 332, c. 164,) although brought to recover a penalty, is a civil suit, and a deposition is admissible in evidence therein against defendant.

3. DEPOSITIONS—MANNER OF TAKING—MUST BE READ TO DEPONENT.

A deposition taken down stenographically, in questions and answers, and not reduced to writing in the presence of the witness, nor read over to or by him, is not properly taken, under Rev. St. §§ 863, 864, and is not admissible in evidence against the objections of either party.

4. EXCEPTIONS, BILL OF—FINDINGS OF FACTS.

A bill of exceptions, which purports to be a finding of facts, but is neither a statement of facts by the parties, nor a finding of facts by the court, but merely a recapitulation of conflicting evidence, is insufficient.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Suit by the United States against Jens Moller and B. Adoue for violation of the act prohibiting the importation of laborers under contract. Judgment was given for plaintiff, as against defendant Moller, who now brings error. Reversed.

Statement by PARDEE, Circuit Judge:

This suit was instituted in the court below by filing petition as follows:

"Your petitioner, the United States of America, hereinafter styled plaintiff, by and through Robert H. Hannay, United States attorney for the eastern district of Texas, duly qualified as such, complaining of J. Moller and B. Adoue, both of whom reside in Galveston county, Tex., under the jurisdiction of this court, and hereinafter styled defendants, respectfully represents and shows to the court:

"That the defendants were stockholders in Galveston Bagging & Cordage Factory, situated in Galveston county, Tex., in July, A. D. 1890, which is now and has been in operation for some months, making bagging and twine with machinery and a number of laborers, etc. At the same time the said J. Moller was an agent for certain ships, known as the 'Black Star Line of Steamers.' That during the month of July, A. D. 1890, the defendant, J. Moller, was in the city of Dundee, in Scotland, and, after receiving a letter from B. Adoue, president of the Galveston Bagging & Cordage Company Factory, as aforesaid, stating that they needed labor for said factory, and to get same, saw one James A. Russel, who resided in the city of Dundee, in Scotland, and was then and there employed in a jute and flax factory, the said James A. Russel being then and there a subject of Great Britain. That the said defendant Moller then and there encouraged, solicited, persuaded, and induced the said James A. Russel to consent and agree to come to Galveston county, Tex., to work in said bagging and cordage factory, and that on the 23d day of July, 1890, for a certain consideration specified in a verbal contract and agreement made by and between the defendant Moller and the said James A. Russel, he, the said Russel, did leave the city of Dundee, in Scotland, and went, at the special instance and request of said defendant Moller, to Liverpool, in England, where he remained until the 31st day of July, 1890, at which time he sailed on the steamship Empress, one of the Black Star Line steamers, for Galveston, Tex., where he arrived on the 22d day of August, 1890. That the defendant Moller, through his agent, provided the said Russel with money, and paid or caused his passage paid from Liverpool to Galveston, Tex. That before the said Russel left Scotland the said Moller promised him, and agreed that he should receive, fifty-two shillings for each week's work performed in the said bagging and cordage factory in Galveston, Tex. That when the said Russel arrived in

·Galveston, Tex., he reported for duty at the Galveston Bagging & Cordage Factory, and was assigned work, where he has continued in the employment of said Bagging & Cordage Factory Company ever since.

"The said James A. Russel was on the 10th day of July, A. D. 1890, and is now, a foreigner and alien, being then and there a citizen of Scotland, and subject of Great Britain, he never having taken the oath of allegiance to the United States, all of which was well known to the defendants at the time he was induced and employed by said defendants to come to Galveston county, Tex. That the defendants did, by acts and words, on the 10th day of July, A. D. 1890, and on divers days thereafter, solicit, encourage, persuade, and knowingly assist to migrate and import said James A. Russel, a foreigner and alien as aforesaid, into the United States of America, to wit, Galveston county, Tex., previous to said Russel becoming a resident and citizen of the United States, to perform labor as aforesaid in said bagging and cordage factory.

"That the encouraging, assisting, and bringing of said Russel to the United States, and to Galveston, Tex., was at the special instance and request of the said B. Adoue, who was president of said bagging and cordage factory, and that the same was done with full knowledge on the part of these defendants that the laws of the United States prohibited the importation of foreign laborers to work as aforesaid. Their acts were done willfully and knowingly, to evade, and in violation of, said law. The said contract and agreement made and entered into by and between the said James A. Russel and defendant Moller in Scotland, as aforesaid, was agreed to by said Russel, whereupon he consented and came to the United States, as aforesaid, in pursuance of said contract and agreement. Said agreement was ratified by said J. Moller on the 31st day of July, A. D. 1890, by his acts, through his agent, and subsequently again after said J. Moller returned to the United States, to wit, Galveston county, Tex. That for the violation of the United States laws, by knowingly assisting, encouraging, soliciting, migrating, and importing said alien, James A. Russel, as aforesaid, by the defendants into the United States of America to perform labor and service under said contract and agreement with said Russel, this suit is brought for the recovery of the forfeit and penalty of one thousand dollars, in behalf of the United States of America.

"Premises considered, plaintiff prays that the defendants be cited, as provided by law, to answer this petition, and that, upon final hearing of this cause, plaintiff have judgment for the sum of one thousand dollars and all the costs of this suit, and for general relief, and, as in duty bound, will ever pray."

The defendants in the court below appeared and filed an original answer, wherein they first demurred generally to the aforesaid petition, and then specially excepted to said petition, because:

"(1) It does not charge any violation of the provisions of an act of congress entitled 'An act to prohibit the importation and immigration of foreigners and aliens under contract or agreement to perform labor in the United States, its territories, and the District of Columbia,' approved February 26, 1885, and the acts amendatory thereof.

"(2) It does not allege that the defendants, or either of them, prepaid the transportation of the aliens named in the petition into the United States. And

"(3) It does not state how, or by what means, defendants assisted, solicited, or encouraged the alleged importation of said aliens into the United States. And

"(4) It does not declare or set forth any contract or agreement to perform labor in the United States, made previous to the importation of said aliens.

"(5) The charges of persuasion, encouragement, etc., are conclusions of the pleader, rather than averments of fact.

"(6) The promise or agreement attempted to be declared on lacks mutuality, an essential element of a contract.

"(7) The averments of the petition are vague, uncertain, and indefinite, and not such as the law requires.

"(8) It does not allege that the said aliens were not skilled workmen brought to the United States, engaged under contract in a foreign country to perform labor in the United States in and upon a new industry, not at present established in the United States, nor that such labor could not be otherwise obtained.

"(9) It does not show any contract or agreement, wherefore defendants pray judgment that said petition be dismissed," etc.

And, further answering, the defendants denied, all and singular, the averments of the petition. The cause being called for trial, both parties, in writing, waived a jury, and submitted the questions of law and of fact to the court. The court overruled the general demurrer and special exceptions to the plaintiff's petition, and thereupon, after hearing evidence, found "that the defendant B. Adoue is not liable as charged in the petition, but that the defendant Jens Moller is liable as charged, and is subject to a penalty in the statutory sum of one thousand dollars, and that judgment should be entered accordingly."

Judgment was thereupon entered in favor of the United States against the defendant Jens Moller in the sum of $1,000, with interest thereon from date at the rate of 6 per cent. per annum.

During the trial of the case the defendants objected to the introduction of a deposition of one James Russel, and moved to suppress the same, upon the following grounds:

"First. This proceeding being penal in its nature, defendants have the right to be confronted in open court, upon the trial of this cause, with the witnesses against them, and it is not competent, against their objection now here made, to hear and determine this cause upon evidence contained in, or taken by, depositions.

"Second. Defendants, should the foregoing be overruled, move to suppress and strike out all the following part of said depositions, to wit: All those parts that relate conversations and transactions affecting the rights or liabilities of J. Moller and B. Adoue, in their absence, or in the absence of either of them. All those parts relating to letters or other documentary evidence, in the absence of the originals, their nonproduction not being accounted for. All those parts that refer to any inducement held out, or promises made, to the witness, to influence him to come to the United States, as it is not shown that he was under contract or agreement made previous to the importation of witness to perform labor or service of any kind in the United States, the alleged agreement not containing the requisites of a valid contract, lacking in mutuality, specification as to time, and, in brief, as showing nothing more than a recommendation.

"For the foregoing and other grounds manifest of record, defendants say that said questions to, and answers of, said James Russel, purporting to be his deposition, are incompetent, immaterial, irrelevant, and inadmissible, and should therefore have been stricken out. The objection based upon the fact that the deposition was not subscribed by deponent was waived."

The court overruled the objections, and admitted the deposition in evidence, to which ruling counsel for defendants duly excepted. All the evidence admitted on the trial of the case was set forth in a bill of exceptions entitled "Findings of Fact," and the counsel closed the same with the stipulation "that the foregoing findings of fact by the court are a substantially true statement of the material facts in the case, and that the same is hereby considered and treated, upon writ of error, as facts found by the court, within the meaning of the statute, and within the general rule upon that subject, in manner and form stated."

The plaintiff in error assigns errors for review in this court as follows:

"(1) The court erred in overruling defendants' demurrer and exceptions to plaintiff's petition, which are, in effect, as follows:

"(a) The petition does not charge any violation of law.

"(b) It does not state how, or by what means, aside from prepayment of transportation, defendants assisted or encouraged the immigration of the alien, Russel, and the charges in that behalf are mere conclusions of the pleader, and not averments of facts.

"(c) It does not set forth the essential elements of a contract or an agreement to perform labor in the United States, made previous to immigration.

"(d) The averments are vague, uncertain, and indefinite.

"(e) It is not alleged that the said alien was not a skilled workman brought to the United States to. work in a new industry, not at present established. in the United States, nor that such labor could not be otherwise obtained.

"(2) The court erred in overruling defendants' objections to, and motion to suppress, the deposition of James Russel, and certain parts thereof, for. the reasons stated in said motion, which is set forth in the bill of exceptions No. 2, and is hereby referred to for greater particularity, and the substance of which is that, as this suit was in the nature of a criminal proceeding, it was defendant's right to be confronted with the witnesses against him, and evidence by deposition was not competent or admissible; also, that evidence as to conversations and transactions not had in the presence of defendants should not be heard, being res inter alios ·acta; also, those parts relating to letters and documents, the nonproduction of the originals not being accounted for, should be excluded, as well as those parts relating to mere promises or inducements to the witness to come to the United States, it not being shown that witness was under contract made previous to migration to perform labor in this country, the facts testified to by him not establishing any agreement valid as to mutuality, or specification as to time, nor showing anything more than a recommendation, which is not equivalent to the assistance or encouragement referred to by the statute, and there being no evidence that defendant prepaid the passage of witness, and said deposition was incompetent and insufficient to establish the issues presented by the petition, and was immaterial and irrelevant, and should therefore have been excluded."

F. D. Minor, (James B. and Charles J. Stubbs, on the brief,) for plaintiff in error.

F. B. Earhart, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge, (after stating the facts.) This action was brought by the United States to recover from the defendants., a penalty of $1,000, as prescribed by the act of congress entitled "An act to prohibit the importation and·immigration of foreigners and·aliens under contract or agreement to perform labor in the United States, its territories, and the District of Columbia."

A careful reading of the said act will show that every violation must be based upon the existence of a contract or agreement, parol or special, express or implied, made previous to the importation or migration, to perform labor or service in the United States, its territories, or the District of Columbia. Without such contract, there can be no violation of the act by prepaying transportation, or by assisting or encouraging in any wise the importation of aliens. U. S. v. Edgar, 48 Fed. Rep. 91, 1 C. C. A. 49; U. S. v. Borneman,. 41 Fed. Rep. 751; U. S. v. Craig, 28 Fed. Rep. 795. See, also, Church of Holy Trinity v. U. S., 143 U. S. 457, 12 Sup. Ct. Rep. 511.

The petition in this case, which has been fully set out in the statement of facts, fails to sufficiently set forth that the defendants assisted and encouraged the importation of any alien, who, previous. to his migration or importation into the United States, (or thereafter, for that matter,) was under any contract or agreement, parol.

or special, express or implied, to perform labor or service of any kind in the United States. The petition seems to have been drawn with a view not to assert such a contract, but rather to suggest the same by vague allegations and inferences. The general demurrer and the special exceptions are well taken.

The record shows that the alleged deposition of the witness James Russel was taken pursuant to notice before a commissioner of the circuit court, under the following circumstances: The counsel for the United States, the defendants, and their counsel, and the witness James Russel, all appeared before the commissioner, whereupon the witness was duly sworn, examined, cross-examined, reexamined, recross-examined, and re-examined, by questions and answers taken down by a stenographer in stenographic writing. The deposition was not read over to the witness, but an adjournment was had for four days for the purpose of enabling the stenographer to write out the testimony so taken down by him, when the same was to be read over to the witness, and corrected, and signed by him; but thereafter the said witness did not appear, nor was the deposition ever read to him, or examined by him. It appears that, so far as the deposition was not signed by the witness, the objection was waived.

We do not think the objection that, the proceeding being penal in its nature, the defendants have the right to be confronted in open court, on the trial of the cause, with the witness against them, and that it is not competent, against their objection, to hear and determine this cause upon evidence contained in, or taken by, depositions, is well taken. The suit, while for a penalty, is a civil suit, and it was so treated by the parties, as may be noticed by the waiver of trial by jury. We are, however, of the opinion that a deposition, which is taken down in questions and answers by a stenographer, and is not reduced to writing in the presence of the witness, nor read over to or by him, is not a deposition properly taken, under the statute, and is not admissible in evidence against the objections of either party. Rev. St. §§ 863, 864; Cook v. Burnley, 11 Wall. 659.

The bill of exceptions, which purports to be a finding of facts, is nothing more than a recapitulation of conflicting evidence, where, as recited therein, some witnesses testified one way, and others testified directly to the contrary. It is neither a statement of facts by the parties, nor a finding of facts by the court. Raimond v. Terrebonne Parish, 132 U. S. 192, 10 Sup. Ct. Rep. 57; Glenn v. Fant, 134 U. S. 398, 10 Sup. Ct. Rep. 583; Davenport v. Paris, 136 U. S. 580, 10 Sup. Ct. Rep. 1064; British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. Rep. 523. We suggest to the members of the bar in this circuit that an examination of these last-cited cases will be advantageous, if, hereafter, in common-law cases, they shall desire to bring facts to this court for review.

The views herein expressed require that the judgment of the circuit court be reversed, and the case remanded, with instructions to enter an order granting a new trial, and judgment sustaining

the general demurrer and special exceptions to the original petition, and thereafter to proceed in the cause in accordance with the views herein expressed, and as justice may require; and it is so ordered.