UNITED STATES v. RIVER SPINNING CO.

(Circuit Court, D. Rhode Island. October 19, 1895.)

1. CONTRACT LABOR LAW—ACTION FOR PENALTY—PLEADING.

In an action to recover the penalty imposed by the contract labor law (23 Stat. 332, c. 164, § 1, as amended by 26 Stat. 1084, c. 551) the declaration should contain a particular allegation of a contract between the defendant and the alien whose migration is alleged to have been assisted, setting forth categorically in what such contract consisted, a distinct statement that labor was performed under such contract, and a distinct statement of the acts by which the defendant assisted the alien to immigrate.

2. SAME.

It seems that the declaration in such an action should also negative the exceptions of the statute.

This was a proceeding by the United States against the River Spinning Company to recover the statutory penalty provided for the importation of laborers under contract. There was a demurrer to the declaration.

Charles E. Gorman, for the United States.
Charles Pitts Robinson, for defendant.

CARPENTER, District Judge. This is an action for a penalty under 23 Stat. 332, c. 164, § 1, as amended by 26 Stat. 1084, c. 551. The counts are as follows:

For that on, to wit, the 15th day of February, 1892, the said defendant, then and there being a corporation created by the general assembly of the state of Rhode Island, and located and doing business in the county of Providence, in said district of Rhode Island, did knowingly assist, encourage, and solicit the importation and migration into the United States of America one Armand Nokin, he then and there being a foreigner and alien, and not being a citizen of the said United States; and said Armand Nokin then and there and previous to his importation and migration to said United States being under a contract and agreement to perform labor and service for, to wit, the said defendant, in the United States of America, to wit, in the state of Rhode Island, in said district of Rhode Island; and the said Armand Nokin did thereafterwards, to wit, on the 20th day of March, A. D. 1892, by reason of the aforesaid assistance, encouragement, and solicitation, migrate and come into the United States of America, to wit, into said state of Rhode Island, and in pursuance of said contract to perform labor and service for said defendant, and did perform labor and service for said River Spinning Company in said United States of America, to wit, in said state of Rhode Island. Whereby the said defendant has violated the laws of the said United States, and has forfeited to the said United States a penalty of one thousand dollars; and an action hath accrued to the said United States to have and recover of said defendant the sum of one thousand dollars. For that the said defendant on, to wit, the 15th day of February, A. D. 1892, did knowingly prepay the transportation of one Armand Nokin from Belgium to the United States of America; the said Armand Nokin then and there being a foreigner and alien, and being then and there under a contract and agreement to perform labor and service in said United States; and the said Armand Nokin thereafterwards, to wit, on the 20th day of March, A. D. 1892, did migrate to the said United States for the purpose of performing labor and service for said defendant, under a contract and agreement entered into between said Armand Nokin and said defendant previous to his said migration; the said defendant well knowing at the time of its prepaying said Armand Nokin's transportation that said Armand Nokin was under a contract and agreement to perform labor and service in said United States for said defendant. Whereby the said defendant has violated the laws of the said United States, and has forfeited to the said United States a penalty of one thousand dollars, and an action of debt has accrued to the said United States to have and recover of said defendant the sum of one thousand dollars.

The defendant has demurred, generally and specially, and there are also motions to strike out the counts and the demurrers.

On consideration of the penal nature of this statute, and in general accordance with previous decisions, I have reached the conclusion that this declaration is insufficient. U. S. v. Craig, 28 Fed. 795; U. S. v. Borneman, 41 Fed. 751; U. S. v. Edgar, 45 Fed. 45; Moller v. U. S., 6 C. C. A. 459, 57 Fed. 490. Shortly stated, the particulars in which the declaration is defective are as follows: In the first place, it seems that the exceptions of the statute should be negatived, but, as this is not entirely clear under the peculiar language of the statute, I do not base the decision on that point. There

should be a particular allegation of a contract between the defendant and Nokin, setting forth categorically in what such contract consisted. There should be a distinct statement that labor was performed under that contract. There should be a distinct statement of the acts by which the defendant assisted and encouraged Nokin to immigrate. These observations apply to both counts in varying degrees, but to both sufficiently to show that neither is sufficient. The demurrers of the defendant will be sustained.