BAKER, District Judge.
This is an action to recover the penalty of $1,000, prescribed for the importation of aliens under contract to perform labor and service in this country, in violation of the acts of February 26,1885, and March 3,1891 (1 Supp. Rev. St. pp. 479, 934).
The declaration, omitting the caption, is as follows:
*255 “The plaintiff complains of the defendant, and says that the defendant is a resident of the city of Indianapolis, in the state of Indiana, and that heretofore, to wit, on the 20th day of July, 1893. the said defendant did assist and. encourage the importation and migration of a certain alien and foreigner into the United States, to wit, one James H. Henderson, who was then and there-a native of Scotland and a subject of Great Britain, by promise of employment, through advertisements printed and published in the city of Glasgow, Scotland, and under contract and agreement made previous to the importation and migration of said alien and foreigner, and previous to his becoming a resident and citizen of the United States, by the defendant with the said James H. Henderson, by which said contract and agreement the said James H. Henderson was to perform labor and service in the United States for the sum of twelve dollars per week, and the said defendant further agreed to refund the-passage money and cost of transportation of the said James H. Henderson, from Scotland to the United States; wherefore plaintiff says the defendant has become liable to a penalty of one thousand dollars, for which sum plaintiff demands judgment against defendant, and for all other proper relief.”
To this declaration the defendant has interposed a demurrer, for insufficiency of facts to constitute a cause of action.
The statute in question is highly penal, and must he so construed as to bring within its condemnation only those who are shown by the-direct and positive averments of the declaration to be embraced within the terms of the law. It will not be so construed as to include-cases which, although within the letter, are not within the spirit of the law. It must be construed in the light of the evil which it was intended to remedy, which, as is well known, was the importation of manual laborers under contract previously entered into, at rates of wages with which our own laboring classes could not compete without compelling them to submit to conditions of life to which they were-unaccustomed. U. S. v. Laws, 168 U. S. 258,16 Sup. Ct. 998; Church of Holy Trinity v. U. S., 143 U. S. 457, 12 Sup. Ct. 511; U. S. v. Craig, 28 Fed. 795. It is settled by these and other cases that the statute-must be construed as limited to cases where the assisted immigrant was brought into this country under a contract to perform “manual labor or service.” The declaration does not state the character of the labor or service which the immigrant was under contract to perform, and hence fails to bring the case within the terms of the statute, as construed by the supreme court. The court cannot indulge-the presumption that the labor or’ service which the immigrant was-under contract to perform was manual, in the absence of such averment. The declaration does not set out the advertisements, or otherwise state the terms of the contract or agreement alleged to have been entered into. The pleader has contented himself with a mere statement of conclusions, without stating either the advertisements or contract in hiec verba, or even attempting to set forth the substance of either. At least, the substance of the advertisements and contract should be set out to enable the court to determine whether they bring -the defendant within the condemnation of the statute. U. S. v. Edgar, 45 Fed. 44. There is no direct allegation that the immigrant named in thé declaration actually came to this country pursuant to the alleged contract for the purpose of performing manual labor or service. Such an averment is essential. U. S. v. Craig, 28 Fed. 795, 799. There is no statement of the acts done by the defendant to assist or procure the immigration into this country of the person. *256 named in the declaration. It is not averred that the defendant prepaid the expenses of his passage. It is averred that the defendant agreed to refund the passage money and cost of transportation from Scotland to the United States, but it fails to allege that the agreement to refund was made before the person alleged to have been assisted came to this country. The court is not at liberty to infer that the agreement to refund was made before the immigrant came here. Indeed, it can only be gathered by inference that the alleged immigrant ever came to this country. The declaration is clearly insufficient, and the demurrer is sustained, with leave to amend in 10 days; otherwise, the case will be dismissed.