## UNITED STATES v. McELROY.

(Circuit Court, D. New Jersey. May 16, 1902.)

1. ACTION—FORM—TO RECOVER FIXED PENALTY—DEBT.

    Under 23 Stat. 332, § 3, providing that a person knowingly assisting the importation of any alien into the United States under a contract to perform labor or services therein shall forfeit $1,000, which may be sued for and recovered as debts of like amount are now recovered, and also on general principles, an action for debt is the proper form for the recovery of such penalty, the sum being certain.

**2. SAME—DECLARATION—SPECIFYING SERVICE.**

In an action to recover the penalty imposed by 23 Stat. 332, for assisting the importation of an alien into the United States under a contract to perform labor or services therein, a declaration alleging that he was "to perform labor and services as a workman in a certain factory or manufacturing plant of said defendant, and not as private secretary," etc.,—negativing the various specially excepted classes, but not otherwise showing the character of labor or services in which he was to be employed,—is insufficient, being too general.

**8. SAME—ASSISTANCE—SPECIFICATION OF ACTS.**

In an action to recover the penalty imposed by 23 Stat. 332, for assisting the importation of an alien into the United States under a contract to perform labor or services therein, a declaration alleging, in the language of the statute, that defendant "assisted, encouraged, and solicited" the immigrant, without showing what acts of assistance, etc., were rendered, is insufficient.[1]

Sur Demurrer to Declaration. Action of debt, to recover penalty under the acts of congress of 26th of February, 1885 (23 Stat. 332), and 3d of March, 1891 (26 Stat. 1084), relating to the importation of alien labor.

Chas. K. Chambers, for demurrer.

D. O. Watkins, U. S. Atty.

ARCHBALD, District Judge.[2] The form of action in this case is good, not only by the statute, which declares that the penalty imposed for a violation of its provisions may be sued for and recovered "as debts of like·amount are now recovered in the circuit court of the United States" (Act Feb. 26, 1885; 23 Stat. 332, § 3), but also on general principles. For while it is, no doubt, true that the action, being based on a violation of the statute, sounds in tort (Chaffee v. U. S., 18 Wall. 516, 21 L. Ed. 908), yet, as is there stated, "debt lies for a statutory penalty, because the sum demanded is certain."

But the declaration is not sufficient, at least in two particulars: In the first place, it ought to show the character of labor or service in which the immigrant alien is to be employed, so that the court may judge whether it comes within the law. According to the policy which dictated the enactment, it was designed to keep out cheap, unskilled manual laborers, and not others. Holy Trinity Church v. U. S., 143 U. S. 457, 12 Sup. Ct. 511, 36 L. Ed. 226; U. S. v. Laws, 163 U. S. 258, 16 Sup. Ct. 998, 41 L. Ed. 151; U. S. v. Gay (C. C.) 80 Fed. 254. All that is alleged in the present instance is that the immigrant was "to perform labor and service as a workman in a certain factory or manufacturing plant of the said defendant, and not as private secretary," etc., negativing the various specially excepted classes. But this is too general. There are many kinds of workmen, to any one of which it would apply, and it is not too much to ask that the particular character of work which the immigrant was employed to do should be stated. In the next place, the acts of assistance or encouragement which constitute the alleged violation of the law, and form the basis of the action, should be set out. U. S. v. Craig (C. C.) 28 Fed. 795; U. S. v. Bornemane (D. C.) 41 Fed. 751; U. S. v. Edgar (C.

---

[1] See Aliens, vol. 2, Cent. Dig. § 113 [f].        [2] Specially assigned.

C.) 45 Fed. 44; Moller v. U. S., 6 C. C. A. 459, 57 Fed. 490; U. S. v. Gay (C. C.) 80 Fed. 254. This is important, as enabling the defendant to know just what he has to meet. It is a specification of the offense which cannot be dispensed with. In the act of 1885 it is made unlawful "in any manner whatsoever to prepay the transportation, or in any way assist or encourage the importation or immigration of any alien," under contract to perform labor or service, etc.; and by the supplement of 1891 it is to be deemed a violation of the act, "to assist or encourage the importation or migration of any alien by promise of employment through advertisements, printed and published in any foreign country." In which way is it alleged that the defendant broke this law? He is surely entitled to know; and it is not sufficient to simply charge, in the words of the statute, as in the present declaration, that he "assisted, encouraged, and solicited" the immigration of the alien mentioned, without stating what acts of assistance, encouragement, or solicitation were rendered. We must have substance, and not form, to sustain so highly penal an action. It may be that the acts of assistance, when set out, will prove entirely harmless and inoffensive; and, at all events, we are entitled to know what they were.

The demurrer is sustained, with leave to plaintiff to amend.