UNITED STATES v. ZEMEL et al.

(Circuit Court, D. New Jersey. May 27, 1905.)

INDEMNITY BOND—ACTION—DECLARATION.

> A declaration on an indemnity bond, the condition of which was that the principal should in all respects comply with the requirements of law and regulations in relation to the duties of distillers, was demurred to on the grounds that the breach of said condition assigned did not set forth with sufficient certainty the law and the regulations of the Commissioner of Internal Revenue alleged to have been violated, or the law under which such regulations were made, or that any such regulations were made. *Held*, that not only should the act prescribing the penalty be set forth with reasonable certainty, but also the act authorizing said Commissioner to make regulations and the fact that they were made by him thereunder, as well as the specific regulation or regulations thus authorized and made, which were violated. *Held*, further, that the declaration was insufficient in the above-mentioned respects.

(Syllabus by the Court.)

Action at Law on Contract. On demurrer to declaration.

John B. Vreeland, for the United States.

Grey, McDermott & Enright, for defendant United States Fidelity & Guaranty Company.

Frank N. McDermit, for defendant Zemel.

CROSS, District Judge. This action is brought by the United States of America against Meyer Zemel and the United States Fidelity & Guaranty Company upon a bond dated May 7, 1904, in the penal sum of $10,000, given by the defendants to the plaintiff. The bond was subject to the following condition:

> "Whereas, the said Meyer Zemel was then, or intended on and after the seventh day of May, nineteen hundred and four, to be, engaged in the business of distilling brandy from apples, peaches, grapes, pears, pineapples, oranges and apricots, berries, prunes, figs, and cherries, exclusively, under the name and style of Meyer Zemel, within the Fifth collection district of the state of New Jersey, to wit, as registered distillery No. 115, situate at Nos. 77 and 79 Manufacturers' Place, in the city of Newark, in the county of Essex, and state of New Jersey aforesaid: Now, therefore, if the said Meyer Zemel should in all respects faithfully comply with all the requirements of law and regulations in relation to the duties and business of distillers of brandy from apples, peaches, grapes, pears, pineapples, oranges, apricots, berries, prunes, figs, and cherries, exclusively, and shall pay all penalties incurred of fines imposed on him for a violation of any of the said provisions, then this obligation shall be void; otherwise, it shall remain in full force and effect."

After setting out the bond and its condition, the declaration alleged that the said Zemel did not faithfully comply with all the requirements of law and regulations in relation to the duties and business of distillery of brandy as aforesaid, and did not pay the

penalties incurred and the fines imposed on him for a violation of said provisions, and for a further breach averred that the said Zemel, on the 12th day of May, 1904, did use on the said premises described in said bond (setting them forth) molasses and other substances, for the purpose of producing said spirits, before an account of the same was registered in the proper book provided by law in the form which had theretofore been prescribed by the Commissioner of Internal Revenue for that purpose, contrary to the provisions of section 3306 of the Revised Statutes of the United States, whereby the said defendant Meyer Zemel thereupon became and was indebted to the said United States in the sum of $1,000, the penalty provided by law, by means of which premises the United States has sustained damages, etc.

The defendants demurred to the declaration, alleging substantially that it did not set forth the facts upon which a breach of the condition of the bond could be concluded; that it did not set out the form which had theretofore been prescribed by the Commissioner of Internal Revenue, in which form the plaintiff asserted the defendant Zemel should have entered an account of the molasses and other substances alleged to have been unlawfully used by him; that it failed to set out what other substances than molasses the defendant Zemel used for the purpose of producing spirits, before an account of the same was registered in the proper book, etc.; and, finally, that the declaration, in assigning a breach of said condition, failed to set out what book was or is provided by law in which an account of molasses and other substances, alleged to have been used for the purpose of producing spirits, should have been registered by the said defendant Zemel.

In the case of Crawford v. N. J. R. R. Co., 28 N. J. Law, 479–481, which was an action against the railroad company to recover penalties for running their locomotives in violation of the statute, the court said:

"It is not enough that the defendants may have a hint of the statutes under which they are sued, nor that they be put upon inquiry in relation to them. They are entitled to a distinct and clear statement of the statutes which they are charged to have violated, and to be directly informed that it is for the violation of those statutes that the penalties are claimed."

In United States v. Bornemann (D. C.) 41 Fed. 751, we find the law stated as follows:

"The declaration being founded upon a statute penal in its character, a well-settled principle of pleading requires that in it must be averred every particular necessary to bring the case within the purview of the statute. All the circumstances must be stated which are requisite to support the action. Nothing is to be left to inference or conjecture."

Counsel for the government has cited a number of cases showing that the court will take judicial notice of the statute and of the form of the book prescribed. This is quite true. Regulations prescribed by the President or departments, under authority granted by Congress, have in a real and proper sense the force of law, and judicial notice will be taken of them; but the question of judicial notice is not now under consideration, so much as the question of the notice

which should be given the defendants by this pleading. Counsel also claims that it is now the settled doctrine of the Supreme Court that statutes to prevent fraud upon the revenue are construed as enacted for the public good and to suppress public wrong, and therefore, although they impose penalties or forfeitures, are not to be construed, like penal laws generally, strictly in favor of the defendant, but they are to be fairly and reasonably construed, so as to carry out the intention of the Legislature, and cites U. S. v. Stowell, 133 U. S. 1, 10 Sup. Ct. 244, 33 L. Ed. 555.

The questions raised by this demurrer, however, do not arise upon construction of the statute, but are directed rather at the insufficiency of the pleading, in that it does not set forth with sufficient definiteness the act prescribing the penalty sought to be enforced. Under the condition of the bond, the defendants were not liable unless they failed to comply with the requirements of law and regulations in relation to the duties and business of distillers, etc. They, and more especially the surety, are therefore entitled to know the particulars of the alleged breach of the condition of the bond, and to this end are entitled to have set forth with reasonable certainty "the requirements of law and regulations" which have been violated. We think the declaration should refer to so much of the act as confers power upon the Commissioner of Internal Revenue to prescribe the form in which entries were to be made in the book required to be kept, that it should allege that the form of keeping the same was prescribed by the Commissioner, and that, notwithstanding the premises, the proper entries were not made; and in particular it should allege the specific entry or entries which were not made, whereby the act was violated. There are several sections of the statute which relate to the penalty for which this action is brought. The declaration, however, refers to but one section, and this not the one which confers authority upon the Commissioner to prescribe the manner in which the book shall be kept. The only reference made to the act in the declaration is calculated, therefore, to mislead, rather than direct attention to the section violated. Hoeberg v. Newton, 49 N. J. Law, 617, 9 Atl. 751; Allaire v. The Howell Works Co., 14 N. J. Law, 21.

The addition of the words "and other substances" to the word "molasses," to which one of the specifications of demurrer is directed, we do not regard as material. It is true they make the allegation indefinite, but they can and should be treated as surplusage. If this were the only objection, we should hold the declaration good, and upon trial the proof would be confined to the failure to enter molasses in the book; but we regard the other objections as substantial, and the demurrer is therefore sustained.

Leave will be given to the plaintiff to amend.