## NEW YORK CENT. & H. R. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   January 9, 1917.)

### No. 105.

1. ALIENS ⚫⟶56—IMMIGRATION—CONTRACT LABORERS.

   Act Feb. 20, 1907, c. 1134, § 4, 34 Stat. 900 (Comp. St. 1913, § 4248), makes it a misdemeanor for any person, etc., to prepay the transportation, or assist or encourage the importation or migration, of any contract laborer or laborers into the United States, unless such contract laborer is exempted; while section 5 (Comp. St. 1913, § 4250) provides that for every violation of any of the provisions of section 4 the persons, partnership, company, or corporation violating the same by knowingly assisting, encouraging, or soliciting the migration or importation of any contract laborer shall forfeit the sum of $1,000, etc. A railroad company sent its duly authorized agent into Canada to employ men to work on its section in the United States, furnishing the agent with transportation for the men he should employ. *Held* that, though the contract laborers solicited did not enter the United States, defendant was guilty of a violation of the act, and liable to fine.

   [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 113–116; Dec. Dig. ⚫⟶56.]

2. CRIMINAL LAW ⚫⟶32—IMMIGRATION—CONTRACT LABOR—IGNORANCE OF LAW.

   In such cases, the fact that the agent of the defendant railroad company did not know he was violating the act, being ignorant of its existence, is no defense to a proceeding against the railroad company.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 37; Dec. Dig. ⚫⟶32.]

In Error to the District Court of the United States for the Northern District of New York.

Action by the United States against the New York Central & Hudson River Railroad Company. There was a judgment for plaintiff (232 Fed. 179), and defendant brings error.   Affirmed.

Allen & McClary, of Malone, N. Y., for plaintiff in error.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y., for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

---

⚫⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge. This action was brought to recover five penalties, of $1,000 each, under the immigration laws, for assisting and inducing five aliens to enter the United States from Canada to work as laborers on the defendant's railroad. The aliens in question did not enter the United States but it is asserted by the defendant in error that there was a violation of the statute by the railroad company's agents in encouraging and assisting the aliens to enter, although they never did enter the United States. The court rendered judgment for one penalty only, of $1,000. .

[1] The act of February 20, 1907, provides as follows:

"Sec. 4. That it shall be a misdemeanor for any person, company, partnership, or corporation, in any manner whatsoever, to prepay the transportation or in any way to assist or encourage the importation or migration of any contract laborer or contract laborers into the United States, unless such contract laborer or contract laborers are exempted under the terms of the last two provisos contained in section two of this act."

Section 5 of the act provides for the punishment of any one violating the law by assisting, encouraging or soliciting the migration or importation of any contract laborer into the United States. It is clear that any one who does this has violated the law. The solicitation must necessarily be attempted while the laborer is outside the United States. No one can solicit a laborer already in the United States to enter the same. It is argued that in order to constitute a crime it is necessary that the soliciting should be successful, that is, the laborer must actually come to his country by reason thereof. We think, however, that under the phraseology of the statute, the soliciting is sufficient.

[2] The action of the defendant in appearing, through its agents, before the board of special inquiry and submitting the question to that board is persuasive evidence that Vincent and Canale, the defendant's agents, were ignorant of the law in question and had no intention of violating it. This, however, is a defense which is not available to the defendant. The railroad company is the party here charged with violation of the law and we think it is apparent that the court was justified in finding that it assisted or encouraged the importation of the laborers in question.

Judgment affirmed.

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes