## McCONNELL *v.* BROWN.

MOTION TO DISMISS.—*Attorney.*—A motion to dismiss an action was made by the defendant, because an order had been received from the plaintiff, directing his attorney to dismiss the suit at the defendant's costs; and the defendant declared himself ready to pay the costs. The plaintiff, by his attorney, objected, and the motion was overruled.

*Held,* that, as against the defendant, the attorney for the plaintiff, in the absence of the plaintiff, had the right to control the case and refuse to dismiss the action, and such refusal was not error.

APPEAL from the Steuben Common Pleas.

OSBORN, J.—This was a complaint for the foreclosure of a mortgage, filed by the appellee against the appellant. At the proper time, the appellant appeared in open court and filed a motion to dismiss the action, because an order had been received from the plaintiff, directing his attorney to dismiss the suit at the defendant's costs. The defendant declared himself ready to pay the costs, and prayed that the cause might be dismissed; to which the plaintiff, by his attorney, objected. The objection was sustained, and the

motion to dismiss overruled. The appellant excepted to the action of the court in overruling his motion to dismiss, and, after filing a bill of exceptions, withdrew his appearance, was defaulted, and a final judgment of foreclosure was regularly entered against him.

The only error assigned is the refusal of the court to dismiss the action.

As against the appellant, the attorney for the appellee had the right to refuse to dismiss the action, and such refusal was not error. He could fix the terms upon which the action could be dismissed, and it would be optional with the appellant whether he would comply with the terms or not.

We cannot say that the attorney for the appellee did not have special instructions from his client, and that he did not follow them. At all events, with or without instructions, so far as the rights of the appellant are concerned, he had a right to control the case in the absence of the appellee, and the appellant cannot complain of it. He could not compel the appellee to dismiss the cause, on payment of costs or otherwise, even if he had agreed to do so, except upon payment of the debt and costs, and then he would have to plead it in bar of the action or of its further prosecution.

The appellant has failed to cite any authority, and we do not consider it necessary to search for any.

The judgment of the said Court of Common Pleas of Steuben county is affirmed, with two per cent. damages and costs.

*W. B. McConnell,* for appellant.

*J. A. Woodhull,* for appellee.