# *Ex parte* Huckabee.

## *Mandamus.*

1. *Mandamus; when will be granted.*—*Mandamus* is an extraordinary legal remedy, and is granted only when a clear, specific legal right is shown, and for its enforcement there is no other adequate remedy.

2. *Same; bill of exceptions.*—If it be conceded that *mandamus* is an appropriate remedy to compel the judge of an inferior court to insert in a bill of exceptions a statement which he has stricken therefrom as untrue in point of fact, or as immaterial, or as inappropriate, the truth of such statement, and a necessity for its introduction into the bill must be affirmatively shown, before it can be pronounced that there is a legal right to its insertion.

[Ex parte Huckabee.]

3. *Refusal of primary court to charge as requested; when may be revised.*—The refusal of the primary court to charge as requested, can and will be revised, on proper exception, if it is shown by the bill of exceptions that the instructions were not abstract, or that they were not addressed to the sufficiency of the evidence; and this can be shown without a recital of all the evidence which may have been introduced on the trial.

4. *Mandamus; when will not lie to compel circuit judge to insert clause in bill of exceptions stricken out by him.*—Where exceptions were reserved to the refusal by the court of instructions to the jury, requested by the excepting party, and the judge of the circuit court struck from the bill of exceptions, as prepared and presented to him, the words, "This being all the evidence in the case," an application for a *mandamus* to compel the judge to insert in the bill the words so stricken out, which fails to show that the bill of exceptions, without these words, does not show that the instructions were not abstract, or that the insertion of the words is necessary to show that the instructions were not abstract, fails to show a right to the insertion, and will be denied.

This was an application to this court by Caswell C. Huckabee, a defendant in a civil cause in the Circuit Court of Bibb county, against whom a judgment had been obtained, for a writ of *mandamus*, seeking to compel the Hon. James E. Cobb, the judge presiding in said Circuit Court at the time of the trial of said cause, to insert in a bill of exceptions which had been prepared and presented to him by the petitioner, the words, "This being all the evidence in the case," as they occurred in the bill as presented, immediately preceding a statement of instructions given by the court to the jury, which the judge had stricken out before signing the bill. The facts are sufficiently stated in the opinion.

Wm. C. Ward, for petitioner. (No brief came to the hands of the reporter.)

BRICKELL, C. J.—*Mandamus* is an extraordinary legal remedy, granted only when a clear, specific legal right is shown, and for its enforcement there is no other adequate remedy. The absence of a clear, specific legal right is fatal to an application for the writ.—*State v. Comm'rs Court*, 3 Porter, 412; *State v. Judge*, 13 Ala. 805. If it be conceded to the relator that it is an appropriate remedy to compel the judge of an inferior court to insert in a bill of exceptions a statement which he has stricken therefrom as untrue in point of fact, or as immaterial, or as inappropriate, the truth of such statement, and a necessity for its introduction into the bill must be affirmatively shown, before it can be pronounced that there is a legal right to its insertion. The words stricken from the bill of exceptions, and which it is proposed the judge shall be compelled to restore, are, "*This being all the evidence in the case.*" The exceptions reserved are to the refusal of instructions to the jury, requested by the relator. The refusal can and will be revised, if it is shown by

Vol. LXXI.

[The Trustees of Howard College v. Turner.]

the bill of exceptions that the instructions were not abstract,—
that there was evidence before the jury upon which they were
based, and to which they could be applied, or were not addressed
to the sufficiency of the evidence.—1 Brick. Dig. 248, § 80.
This can be shown without a recital of all the evidence which
may have been introduced on the trial; and it is difficult to con-
ceive of a necessity for cumbering the bill, in such case, with a
recitation of all the evidence,—as well that which is impertinent,
as that which is pertinent to the instructions refused.

The application not showing that the bill of exceptions, with-
out these words, does not show the instructions were not ab-
stract, or that their insertion can be necessary to show that they
were not abstract, a right to the insertion is not shown. If, as
the bill of exceptions now stands, it is not shown the instruc-
tions were not abstract, it is certain the insertion of these
words could not cure the defect.

Application denied.