The Indiana, Bloomington and Western Railway Company v. Maddy.

Filed Oct. 8, 1885.

No. 11,861.

The Indiana, Bloomington and Western Railway
Company v. Maddy.

Supreme Court.—Complaint.—Assignment of Error.—A question as to the sufficiency of a complaint will not be considered by the Supreme Court unless properly presented by an assignment of error.

ATTORNEY AND CLIENT.—*Authority of Attorney to Appear.*—Under section 970, R. S. 1881, an attorney may, at the proper time, be required to produce and prove the authority under which he appears, but his authority to appear can not be controverted on the trial by evidence outside the issues in the cause.

From the Henry Circuit Court.

*C. W. Fairbanks*, for appellant.

*L. P. Mitchell*, for appellee.

HOWK, J.—In this case, the appellee, Maddy, sued the appellant, the Indiana, Bloomington and Western Railway Company, and one George May, in a complaint of a single paragraph. In his complaint appellee alleged that in the month of July, 1882 (but the day of such month he was unable to state), the appellant, at said county, unlawfully and wrongfully took and carried away, and converted to its own use, three hundred railroad ties then and there the property of appellee and the defendant George May, and of the value of $110, and to the damage of appellee and defendant George May in the sum of $110; that afterwards (appellee was unable to state the time) the defendant George May, for a valuable consideration, sold and conveyed all his right, title and interest, in and to such railroad ties, to the appellee, and that George May was made a defendant in this suit to answer as to what, if any, interest he might have therein. Wherefore, etc.

The appellant and the defendant George May separately answered the appellee's complaint by general denials thereof. The issues joined were tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of $108, and over the appellant's motion for a new trial judgment was rendered on the verdict.

In this court, the only error properly assigned by the appellant is the overruling of its motion for a new trial.

The learned counsel for the appellant has ably and elaborately discussed the question of the sufficiency of appellee's complaint. This question is not before us. It is true, that

appellant's demurrer to appellee's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court. But it is also true, that this ruling is not one of the errors of which the appellant complains in his assignment of errors. In this court, the appellant's assignment of errors constitutes his complaint, and to it alone is the appellee required to answer. It is the foundation of the appellant's proceedings here for the review and reversal of the judgment below; and we have often held that we can neither consider nor decide any question which is not fairly presented by the assignment of errors. *Hutts* v. *Hutts*, 62 Ind. 214; *Williams* v. *Riley*, 88 Ind. 290; *Hartlep* v. *Cole*, 94 Ind. 513.

Under the alleged error of the court in overruling appellant's motion for a new trial, the only points made by its counsel are, that the court erred in excluding evidence to prove that its co-defendant May had no knowledge that this suit was brought, that he was in Missouri and was there long before the commencement of this suit, that Mr. Perdiew had no authority to appear for May in this case, and did not appear therein at the instance or request of May. This offered evidence was wholly foreign to the issues in this cause, and there was no error in excluding it from the jury. If the appellant had reasonable grounds to question Mr. Perdiew's authority to appear for May, it might at the proper time, under the provisions of section 970, R. S. 1881, have required him to produce and prove the authority under which he appeared. This not having been done, the authority of Mr. Perdiew to appear for May must be presumed, and can not be controverted on the trial by evidence outside of the issues in the cause. *McConnell* v. *Brown*, 40 Ind. 384.

The judgment is affirmed, with costs.

Filed Oct. 8, 1885.