|134   333|
|136   461|
|137   184|

# Troy Fertilizer Co. *v.* The State.

*Action to recover Privilege Tax.*

1. *Privilege tax; corporation manufacturing commercial fertilizer liable therefor.*—A corporation engaged in the business of manufacturing and selling commercial fertilizer, cotton seed oil, cotton seed meal, etc., is liable for the privilege tax imposed by subdivision 55 of section 4122 of the Code, although it has paid the license tax required by section 376, and had also paid the tag tax required by section 386 of the Code.

2. *Pleading and practice; when pleas should not be stricken on motion.*—Pleas should not be stricken on motion, unless they are unnecessarily prolix, irrelevant or frivolous (Code, § ___6); and if not subject to either of these objections, the plaintiff should be put to demurrer and his motion to strike should be overruled.

3. *Same; when sustaining motion to strike pleas not error without injury.*—Where special pleas are neither unnecessarily prolix, irrelevant nor frivolous, the sustaining of a motion to strike such pleas is not error without injury, even though they set up no valid defense to the maintenance of the action; since the plaintiff should be put to a demurrer to point out objections to such pleas, in order that the defendant should have an opportunity to amend if he saw fit to do so.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN C. ANDERSON.

This action was brought by the State of Alabama against the Troy Fertilizer Co. to recover of the defendant the privilege tax of seventy-five dollars for each of the years 1897, 1898 and 1899, which was alleged not to have been paid by the defendant corporation as required by law. The defendant pleaded the general issue and five special pleas. The substance of the 2d, 3d and 4th special pleas is sufficiently stated in the opinion. By the 5th and 6th pleas the defendant set up the unconstitutionality of subdivision 55 of section 4122 of the Code, under which the present suit was brought. The plaintiff moved to strike each of the spe-

cial pleas upon the grounds that they were frivolous and upon several other grounds setting up substantially that said special pleas presented no defense to the cause of action set forth in the complaint. The court sustained this motion to strike each of said special pleas, and to this ruling of the court the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the general affirmative charge in its behalf, to the giving of which charge the defendant duly excepted. The defendant also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

FOSTER, SAMFORD & CARROLL and WORTHY & GARDNER, for appellant.—The tax paid by defendant is nothing but a tax on the amount of sales of fertilizers; and is not, therefore, a tax on the goods, or the fruits of sale; not a property or income tax; but solely an occupation or privilege tax, the amount being regulated by the extent to which the privilege is enjoyed.—*Lott v. Rose,* 38 Ala. 159; *Goldsmith v. Mayor, etc.,* 120 Ala. 184-5.

The power to tax privileges and occupations is the same as the power to license them, and a license tax is, therefore, a privilege tax.—*Ex parte City of Montgomery,* 64 Ala. 466; *Goldsmith v. Mayor, supra;* Cooley on Taxation, 578-9.

G. J. HUBBARD, *contra,* cited *Phoenix Carpet Co. v. State,* 118 Ala. 143.

DOWDELL, J.—This is an action by the State to recover of the defendant corporation, the privilege tax imposed by subdivision 55 of section 4122 of the Code.

The defendant filed six pleas to the complaint, the first being the general issue, and the remaining five

setting up special defenses. On plaintiff's motion, the special pleas were stricken from the file, and this ruling of the court constitutes one of the appellant's assignments of error.

The defense sought to be set up in the special pleas, which were stricken, is that the defendant is exempt from the privilege tax for which it is sued, for the reason that it was required to pay, and did pay, the license tax required by section 379, of dealers in commercial fertilizers, and that it had also paid the tag tax required by section 386.

The defendant corporation as such, was engaged in the business of manufacturing and selling commercial fertilizers, cotton seed oil, cotton seed meal, and stock food put up in bales, all of which was the product of its plant, and the business so carried on being that for which said corporation was organized.

The part of subdivision 55, pertinent to the questions here raised, reads as follows: "All corporations doing business in this State, whether organized in this State or another State or country, not otherwise specifically required to pay a license-tax, shall pay annually the following privilege taxes:" etc. This provision forms a part of a statute which was enacted for the manifest purpose of raising revenue for the purposes of government by the imposition of a license tax. The tax imposed by subdivision 55, is as its language imports, a *privilege* tax required of all corporations as a class before doing business in this State, without reference to the character of the busines done, excepting, however, from its provisions "banks and banking institutions regularly organized as such." It is a license to the corporation as such, and as contradistinguished from a natural person. It is a privilege tax required of these artificial persons *before* they can do business of any character. It is not a tax imposed upon a particular business, and it is of consequence, wholly unimportant as to the kind or character of business, the corporation may engage in, or whether the particular business, as a business, be otherwise taxed or not. It is a license or privilege to enter upon, or into business of any character, as distinguished from the doing and carrying on of some

particular business, for which a license may or not be required.

The license fee of $1 imposed by section 379, is clearly not a privilege tax specifically required of corporations as such for doing business. It is only a fee required to be paid for the license authorized to be issued to any person, natural or artificial, wishing to engage in doing the particular thing, of selling or exchanging commercial fertilizers. A license to do that, which may be a mere incident to the principal business of a corporation, a thing that may arise after the principal business has been entered upon. The privilege tax imposed by subdivision 55, is required to be paid, *before* the doing of any business by the corporation. The business of the defendant corporation, among other things, was the manufacture of commercial fertilizers, it sold only its own product, it was doing business in the manufacture of commercial fertilizers, before it could have such article to sell or exchange.

What we have said applies with equal force and reason to the defense set up by the defendant of having paid for the tags required to be attached to the packages of fertilizers sold under section 386.

Section 3286 provides that pleadings when unnecessarily prolix, irrelevant, or frivolous, may be stricken on motion. If the pleading, however, is not prolix, irrelevant or frivolous, and the only other ground of objection is that the plea does not set up a valid defense, motion to strike is not the proper remedy. The pleas here were neither prolix, irrelevant, nor frivolous, and the court erred in sustaining the motion to strike. The plaintiff should have been put to a demurrer.—*Continental Insurance Co. v. Brooks*, 125 Ala. 615.

It is contended by appellee, however, that as the special pleas set up no valid defense, the most that can be said of the court's action is that it was error without injury. As a general proposition this is not a sufficient answer, for if such were the case, the office of demurrer would be practically dispensed with. It would have been one of the offices of a demurrer to point out such objection, in order that the opportunity of

[McFaddin *et al.* v. McFaddin.]

amendment might be afforded the pleader. It is further contended that the defendant was permitted without objection to offer evidence of every fact stated in the several pleas, and that, therefore, he had the benefit of his pleas under the plea of the general issue. That he did not have the benefit of his special pleas under the plea of the general issue, is patent from the action of the court in giving the general affirmative charge for the plaintiff. Matters set up in the special pleas were such as are required to be specially pleaded, and evidence of these matters, as the complaint was framed, was not competent or relevant under the general issue. If the special pleas had remained in, and issue had been taken on them, on the undisputed evidence, the defendant, having proved its pleas would have been entitled to the general charge in its favor. So, if it should be considered that what was set up in the special pleas was in fact in issue, under the plea of the general issue, and was so regarded by the court and the parties, then the court should not have given the affirmative charge for the plaintiff.

The question of the unconstitutionality of the statute is not insisted on in argument, and we, therefore, do not consider that question.

For the errors of striking the pleas, the judgment will be reversed, and the cause remanded.

Reversed and remanded.