# Brown *v.* French.

*Forcible Entry and Detainer.*

(Decided April 8, 1909. 49 South. 255.)

1. *Estoppel; Position Assumed.*—Where one with knowledge of the facts assumes a particular position in judicial proceedings such one is estopped to assume a position inconsistent therewith to the prejudice of the adverse party; so, where a defendant, in order to carry a case of forcible entry and detainer from the justice to the circuit court under a section 4283, Code 1907, makes an affidavit that he entered the premises peaceably and not under claim of any agreement, contract or understanding with the plaitiff, such defendant is estopped to introduce evidence in contradiction of the affidavit.

2. *Landlord and Tenant; Title of Landlord; Estoppel of Tenant.*—A tenant cannot make a valid attornment to another, nor by mere acquiesence authorize another to violate the possession which he holds for the landlord, the duty being upon the tenant to bear fealty to his landlord.

3. *Forcible Entry and Detainer; Persons Entitled to Sue; Right of Tenant.*—Where the tenant's consent to the entry and removal of the fence was in violation of the duty the tenant owed to the landlord, the tenant was entitled to bring forcible entry and detainer for the possession of the lands so occupied although the entry and removal of the fence was done in a peaceful manner.

4. *Same; Title of Defendant.*—Where it appears that defendant's entry was acquiesced in by the plaintiff, thus constituting it an entry by agreemnt, the defendant cannot introduce evidence to show title in himself in an action in forcible entry and detainer. (Section 4285, Code 1897.)

5. *Same; Evidence; Relevancy.*—The character of the house kept by plaintiff is irrelevant as evidence in an action for forcible entry and detainer.

6. *Attorney and Client; Authority to Bring Suit; Mode of Questioning.*—The authority of an attorney to bring suit is presumed, he being an officer of the court; if the authority is questioned, the matter should be determined by motion, and addressed to and decided by the presiding judge, so as not to be mingled with the 'merits of the controversy at the hearing.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Forcible entry and detainer by Mary Brown v. A. H. French. From a judgment, for defendant plaintiff appeals. Reversed and remanded.

For former report of this case, see *Brown v. French,* 148 Ala. 272, 42 South. 409.

BROWN & MURPHY, for appellant. One cannot get the circuit court to exercise its jurisdiction and remove a case of this character from an inferior court in order to try title on a sworn statement of facts, and then testify to an exactly opposite state of facts to avoid the affirmative charge.—*Hodges v. Winston,* 95 Ala. 514; *Railway Co. v. McCarty,* 96 U. S. 267; *Boyett v. Standard C. & O. Co.,* 41 South. 756; *Ex parte Southern Tel. Co.,* 73 Ala. 564; *Hughes v. Dundee,* 28 Fed. 40; 13 S. E. 188; 16 Pac. 88; 24 A. & E. Ency of Law, 811. Where de-

[Brown v. French.]

fendant enters by force or threat, no demand is neces-
sary.—*Knowles v. Ogletree,* 96 Ala. 555. If a defendant
dispossesses one by the use of force, such an one is not re-
quired to prove title in this character of action.—*Mallon
v. Moog,* 121 Ala. 303; *Fearn v. Beirn,* 129 Ala. 435;
Sec. 2149, Code 1896. The entry in this case is made by
force and the defendant cannot inquire into the title.—
*Mallon v. Moog, supra.* It is no answer that the plain-
tiff has been guilty of some wrong towards the defend-
ant, and has previously entered by force, and detained
the premises.—*Bibb v. Thomas,* 131 Ala. 350. The issues
are upon the defendant's forcible entry.—*Hausfield v.
Adams,* 10 Ala. 9. Adverse possession avoids a deed
executed by one out of possession at the time it was
made.—*Bernstein v. Humes,* 71 Ala. 260; *Murray v.
Hoyle,* 92 Ala. 563; *Davis v. Curry,* 85 Ala. 134; *Pear-
son v. King,* 99 Ala. 127; *Yarbrough v. Avant,* 66 Ala.
526. Holding land and fencing it in is such possession
as will support an action for forcible entry and detainer,
even if the possession be acquired unlawfully.—*Mallon
v. Moog, supra;* 84 Am. Dec. 68; 77 Ill. 169; 8 A. & E.
Ency of Law, 121.

FRANK S. WHITE & SONS, for appellee. Under the
facts in this case, the trial court very properly refused
to direct a verdict for the plaintiff.—*Fairly v. Bay Shell
Road Co.,* 125 Ala. 184; Sec. 2126, Code 1896.

SIMPSON, J.—This action of forcible entry and de-
tainer was commenced in the justice of the peace court
by the appellant against the appellee, and was removed
into the circuit court by the defendant's making affida-
vit in accordance with section 2147 of the Code of 1896
(section 4283, Code 1907). On a former appeal this
court held that the plaintiff was entitled to the general
charge in her favor.—*Brown v. French,* 148 Ala. 272,
42 South. 409.

The only material difference between the evidence introduced in the case on the former trial and that introduced on the trial now appealed from is that in this trial the defendant, over the objection of the plaintiff, introduced testimony tending to show that the plaintiff consented to the removal of the fence. In order to bring the case into the circuit court, the defendant made the oath required by the statute, stating that "the defendant entered * * * peaceably,* * * and not under claim of any agreement, contract, or understanding with the plaintiff," etc. Without said affidavit, the case could not have been brought into the circuit court. It is a familiar statement of the law of estoppel that "a party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party."—16 Cyc. 796; *Taylor et al. v. Crook, Adm'r,* 136 Ala. 356, 378, 34 South. 905, 96 Am. St. Rep. 26; *Eldridge v. Grice,* 132 Ala. 667, 668, 32 South. 683; *Schamagel v. Whitehurst,* 103 Ala. 260, 263, 15 South. 611; *Hodges v. Winston,* 95 Ala. 514, 517, 11 South. 200, 36 Am. St. Rep. 241; *Hill's Adm'r, v. Huckabee's Adm'r,* 70 Ala. 184, 188; *Boyett v. Standard C. & O. Co.,* 146 Ala. 554, 557, 41 South. 756; *Railway Co. v. McCarthy,* 96 U. S. 267, 24 L. Ed. 693.

In addition to this, the statute itself provides that in such cases the plaintiff must recover on the strength of his legal title, as in statutory ejectment, "unless he can prove that the defendant, or those under whom he claims, entered on said lands under some contract, or agreement between the plaintiff, or those under whom he claimed, or by use of force, in which latter case no inquiry can be had as to the respective strength of the legal title of the plaintiff or defendant."—Code 1896, § 2149, Code 1907, § 4285. So, under the first proposition above stated, the defendant should not have been allowed to introduce testi-

mony in contradiction of the affidavit upon which he had brought his case into the circuit court, and without it the case stands just as it was when here before, and under the former decision in this case the plaintiff was entitled to the greneral charge in her behalf.

The appellee suggests that this clause refers only to entries by tenants, under an agreement of renting, etc., and does not cover a case where a party entered by acquiescence. We cannot interpolate into the statute anything beyond its actual language.. The affidavit is required to state that affiant did not enter "under claim of any agreement, contract or understanding with the plaintiff," which is certainly broad enough to cover an acquiescence by the plaintiff. We might say, on the other hand, that the statute was intended to cover those cases only where the plaintiff's possession was not apparent, and the defendant entered and took possession peaceably, in good faith. But, however that may be, it is safer to follow the language of the statute, rather than travel into the field of speculation, outside its words, to ascertain what the intent of the Legislature was.

Even if we could forego this proposition, this court held, in this case, that the tenant must bear fealty to his landlord, and cannot make a valid attornment to another; nor, necessarily, could the tenant, by a mere acquiescence, authorize another to violate the possession which he holds for the landlord, but could regain the possession. If she could regain the possession, she could do so by action, as could the landlord, suing in her name, and, her permission being invalid, the entry was forcible under our decisions.—*Mallon v. Moog*, 121 Ala. 304, 306, 307, 25 South. 583.

Again, under the plain wording of the statute, even if the acquiescence of the plaintiff were valid, and could constitute an entry by agreement, no evidence could be

introduced to show title in the defendant.—*Fearn et al. v. Beirne,* 129 Ala. 435, 440, 441, 29 South. 558. It would follow that the court erred in admitting proof of title, as it did also in admitting proof of the character of house which the plaintiff kept; such matters being irrelevant to the issues in this case.

The court also erred in permitting proof tending to question the authority of the attorney to bring this suit. This is not a part of the defense of the case, but a matter collateral to the merits of the case. The attorney being an officer of the court, his authority is presumed; but, if questioned, the proper course is to make a motion, in order that that matter may be determined by the presiding judge, and not mingled with the merits of the case before the jury.—Code 1907, § 2990; 4 Cyc. 930, 931; *Indiana, B. & W. Ry. Co. v. Maddy,* 103 Ind. 200, 2 N. E. 574; 2 Ency. Pl. & Pr. 680.

The judgment of the court is reversed, and the cause remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.