# Self *v*. Comer.

## *Forcible Entry and Detainer.*

(Decided April 7, 1910.   52 South. 336.)

1. *Forcible Entry and Detainer; Removal, of Cause to Circuit Court.*—Section 4283. Code 1907, applies only to cases arising under section 4262, and to cases brought under the amendment added in Acts 1878-9, p. 49, in which there was a peaceable entry, and then by unlawful refusal, or by force and threats turning or keeping plaintiff out of possession.

2. *Same; Peaceable Entry; What is.*—The peaceable entry contemplated by section 4262, Code 1907, is an intrusion upon plaintiff's prior actual possession, although peaceable.

3. *Same; Removal of Cause.*—Section 4262, Code 1907, does not extend to unlawful detainer cases, the right of removal to the circuit court, granted by section 4283, Code 1907.

4. *Same.*—Under section 4285, Code 1907, a plaintiff in forcible entry or detainer or forcible and unlawful entry and detainer is entitled to try the case as one of forcible entry and detainer, or unlawful detainer as those remedies existed under section 4262, prior to the amendment, extending remedies to cases, where there was a peaceable entry.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. RAY.

Action by J. W. Self against L. C. Comer in unlawful detainer, commenced in a justice court and removed upon application of the defendant to the Circuit Court as provided by sections 4283-84-85, Code 1907. Judgment for defendant and plaintiff appeals. Appeal dismissed.

[Self v. Comer.]

LEITH & GUNN, A. L. ACUFF, and Z P. SHEPHARD, for appellant. The court erred in admitting the deed from Pierce to Self.—*Arrington v. Sav. & W. R. R. Co.,* 95 Ala. 437. The omission of requisites is defensive matter.—*Nelson v. Hubbard,* 96 Ala. 238. The court erred in not permitting plaintiff to amend his complaint as requested.—*Doan v. Glennon,* 72 Ala. 160; *Caldwell v. Smith,* 77 Ala. 164; *Reese v. Reeves,* 131 Ala. 196; *Berry v. T. C. I. & R. R. Co.,* 134 Ala. 823. It was proper for Self to bring the suit for the use of Hinsley.—*Dwin v. Brown,* 35 Ala. 596; *Cooper v. Gambill,* 146 Ala. 184. The court should have given the general affirmative charge as requested by the plaintiff.—*Fowler v. Pritchard,* 148 Ala. 261.

BANKHEAD & BANKHEAD, for appellee. The contention of appellant as to the admissibility of the deed has been adversely decided so far as he is concerned in the cases of—*A. S. & L. Assn. v. Smith,* 122 Ala. 502; *Graham v. Partee,* 139 Ala. 310; *Standifer v. Swan,* 78 Ala. 88. If an unlawful detainer suit the plaintiff is not entitled to recover.—*Cooper v. Gambill,* 146 Ala. 184; *McDeevit v. Lambert,* 80 Ala. 536; *Speers v. Smoot,* 47 South. 256; *Ross v. Gray Eagle Co.,* 16 South. 564.

SAYRE, J.—The statute (section 4283 et seq. of the Code) authorizes the removal of any suit for forcible entry and detainer or unlawful entry and detainer into the circuit court where the title may be tried. The language of the statute aptly describes only causes arising under section 4262 which gives a remedy for forcible entry and detainer. The last clause of section 4262, added by amendment in the year 1879 (Acts 1878-79, p. 49), extends the remedy of forcible entry and de-

tainer to cases in which there was a peaceable entry,
.and then, by unlawful refusal, or by force or threats, a
turning or keeping of plaintiff out of possession. The
peaceable entry here intended is an intrusion, though
peaceable, upon the plaintiff's prior actual possession.
—*Knowles v. Ogletree,* 96 Ala. 555, 12 South. 397.
There is no indication whatever of a legislative purpose
to extend the right of removal to unlawful detainer
·cases. An unlawful detainer is where one who has un-
lawfully entered into possession of lands as tenant, fails
·or refuses, after the termination of his possessory in-
terest, to deliver possession to any one lawfully enti-
tled thereto.—Code, § 4263. Indeed, section 4283 re-
·quires, as a condition precedent to removal, that the
defendant shall state in a sworn petition that he enter-
·ed upon the land, not only peaceably, but under claim
·of title thereto, and not under any claim of any agree-
ment, contract, or understanding with the plaintiff, or
those under whom plaintiff claims. The effect of sec-
tion 4285 is that, notwithstanding the removal to the
·circuit court, the plaintiff may proceed to try the case
.as one of forcible entry and detainer or unlawful de-
tainer, as those remedies were defined before the adop-
tion of the amendment of the year 1879, for the pro-
vision is that on the trial of all causes removed under
the statute the plaintiff must recover on the strength
of his legal title unless he can prove that the defend-
·ant, or those under whom he claims, entered on the
lands under contract, or agreement with plaintiff, or
those under whom he claims, or by the use of force;
thus clearly evincing the legislative purpose to retain
the salutary summary remedies in cases where they
were afforded prior to the amendment. On the other
hand, the amendment added to those cases in which
·summary possessory proceedings might be had without

[Self v. Comer.]

respect to legal title—a class different in essential character from either forcible entry and detainer or unlawful detainer—a class of cases in which the defendant enters peaceably, but without contract, upon the possession of another. Then, in 1897, it being perceived that one who enters into possession under circumstances involving neither estoppel nor force ought to have—indeed, was constitutionally entitled to have, since, under those circumstances, his right depends entirely upon his title—his right to possession determined on his legal title, and by the verdict of a jury, the Legislature enacted the removal statute of 1897 in terms which permitted forcible entry and detainer cases, strictly so called, as well as cases arising under the amendment of 1879 to be removed to the circuit court for a trial of title. We need not look too curiously into these amendatory and removal statutes. They have no relation to cases of unlawful detainer in which the defendant has acquired possession by contract. The suit in hand being clearly a suit of unlawful detainer, and nothing else, was not cognizable in the circuit court except on appeal. The statute did not authorize its removal, and the circuit court was without jurisdiction to try. There is, therefore, no judgment to support the appeal which must in consequence be dismissed.

Appeal dismissed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.