# McGuire *v.* Powell.

*Forcible Entry and Detainer.*

(Decided May 9, 1912.   59 South. 60.)

1. *Unlawful Detainer; Possession Under Contract; Statute.*—Section 4262, Code 1907, last clause, does not extend to a case of unlawful detainer where defendant had acquired possession under a lease from the plaintiff.

2. *Same; Notice to Quit.—Demand.*—Under section 4263, a demand of three days before the commencement of the suit was insufficient to support a judgment referable to the unlawful detainer count in a complaint.

APPEAL from Montgomery City Court.
Heard before Hon. W. W. PEARSON.

Forcible entry and unlawful detainer by Jesse W. Powell against W. C. McGuire. Judgment for plaintiff and defendant appeals. Reversed and remanded.

MARK D. BRAINARD, for appellant. The acceptance of rent after the breach was a waiver of the right to claim forfeiture for such breach.—*Brooks v. Rodgers,* 99 Ala. 433; *Dahm v. Barlow,* 93 Ala. 120. Powell, therefore, could not claim a forfeiture until a new breach had occurred, and the defendant was entitled to the statutory notice in writing for ten days.—Sec. 4263, Code 1907.

JOHN W. A. SANFORD, for appellee. Counsel discuss errors assigned, and insists that the demand was not necessary to be in writing, as it might be inferred.— *Knowles v. Ogletree,* 96 Ala. 555; *O'Donahue v. Holmes,* 107 Ala. 490. The judgment will be upheld if correct with reference to either of the counts.—*Littleton v. Clayton,* 77 Ala. 571.

McCLELLAN, J.—Through inadvertence this appeal was improperly submitted in the Court of Appeals, and the opinion following was prepared by PELHAM, J. Upon consideration, that opinion is now adopted as and for the opinion of this court:

"Suit for unlawful detainer and forcible entry and detainer, joined in two separate counts of the complaint, was brought by the appellee against the appellant in a court of a justice of the peace and appealed to the circuit court, where, upon the trial de novo, judgment was rendered against the defendant, from which he prosecutes this appeal.

"The case was tried in the circuit court without a jury, and under the evidence the plaintiff was entitled to recover, if at all, on the count in unlawful detainer.

[McGuire v. Powell.]

The defendant went into possession of the premises as the tenant of the plaintiff under a contract of rental, and the plaintiff based his right to regain the possession on a breach of the rental contract by defendant because of his failure to pay rent. The last clause of the statute (Code, § 4262) defining forcible entry and detainer, added by amendment in 1879 (Acts 1878-79, p. 49), extends the terms of this statute to include cases where there has been a peaceable entry through an intrusion. —*Knowles v. Ogletree,* 96 Ala. 555, 12 South. 397. But this clause does not operate to extend the statute to cases of unlawful detainer, where the defendant has acquired possession under a contract with the plaintiff.— *Self v. Comer,* 166 Ala. 68, 52 South. 336.

"The judgment against the defendant as referable to the count in unlawful detainer is not supported by the evidence, in that it affirmatively appears that the requisite notice or demand for possession was not given. The only demand for possession, made after breach, that the plaintiff could rely upon under the evidence set out in the bill of exceptions, was made January 17, 1911, and suit was instituted in the justice's court three days afterwards, January 20, 1911. This is not a sufficient demand to authorize a recovery—Code, § 4263, and authorities cited in the footnote to this section.

"Reversed and remanded."

All the Justices concur.