# Sloss-Sheffield Steel & Iron Co. *v.* Webb.

## *Damages for Overflow.*

(Decided November 20, 1913.  63 South. 518.)

1. *Waters and Watercourses; Dams; Injuries.*—A manufacturing company owed an adjacent lower landowner the duty of not changing the course of Nature or the contour of its land so as to interfere with the enjoyment of the lower owner's premises; hence, if it created a pond by changing the natural flow of water, and impounding it, it was liable for injury to land of the lower owner by the breaking of the dam.

2. *Same; Pleading; Conclusion.*—In an action for damages to plaintiff's land by the breaking of a dam on defendant's land, thus overflowing plaintiff's land, an allegation in a plea that the dam was caused to break by an unprecedented rainfall, was the allegation merely of the pleader's conclusion, the plea should have alleged that the dam was so constructed and maintained as to withstand all waters reasonably expected in times of freshets and high waters which ordinarily occur, or such storms and freshets as were not unusual or unprecedented.

3. *Pleadings; Prolix and Frivolous.*—A plea alleging that the breaking of the dam was caused by an unprecedented rainfall was not prolix or frivolous within the purview of section 5322, Code 1907, so as to authorize it to be stricken on motion, but was defective in such sense as to require the defect to be reached by demurrer.

4. *Same; Defect; Remedy.*—Where a plea can be amended so as to properly state a defense without a departure, the remedy is by demurrer to the plea, and not by motion to strike.

5. *Evidence; Damages; Amount.*—Where the action was for injury to lands by the breaking and overflow of a dam on defendant's land, plaintiff was improperly permitted to testify as to the amount of damages to his crop; the proper course was to have him testify to the facts showing the amount of such damages.

6. *Witnesses; Examination; Fraud.*—Where plaintiff was permitted to prove the rental value of the land rented by him and overflowed, the defendant should have been permitted to show on cross examination what rent plaintiff was paying for the land during the year it was damaged.

7. *Charge of Court; Covered by Those Given.*—Where the court instructed the jury that unless they were reasonably satisfied from the evidence that plaintiff sustained his damages as a proximate consequence of the breaking of defendant's dam, they should find for defendant, a refusal to charge that if plaintiff's damages were caused by the overflow of a certain creek, and the breaking of the dam, the jury should find for defendant, and that plaintiff must reasonably satisfy the jury that the damages to him were caused exclusively by the breaking of defendant's dam, was sufficiently covered by the charge given, and its refusal was without error.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by W. F. Webb against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6 of the Acts of 1911, p. 450. Reversed and remanded.

The complaint alleged in effect that defendant was engaged in mining iron ore near Russellville, Ala., and maintained a large pond of water by means of an embankment of the lower side of the pond; that the embankment was constructed of earth and so insecurely maintained that it broke (giving the date) and caused a large quantity of water to flow in a street known as Payne street. The plaintiff had rented for the year 1911, for a fixed amount, certain lands, described in the complaint, situated on Payne street, below the pond of defendant, and that the breaking of the dam overflowed the land, and that plaintiff had done valuable work on said land in and about its cultivation before said overflow, which was entirely lost to plaintiff by virtue of said overflow. It is further alleged that, by the breaking of said dam, the lands of plaintiff were injured and the value of his tenancy lost to him.

The original and amended demurrers to the complaint were: First, that there was no averment that the dam was negligently constructed or maintained; second, no averment of any act of negligence by the defendant, its servants or agents, proximately causing the injury complained of; and, third, that it does not appear that the plaintiff's alleged damage was the proximate consequence of the breaking of the dam. The defendant interposed the plea of not guilty and the special plea that the break in the dam was caused by an unprecedented rainfall. This latter plea was stricken on

motion of the plaintiff, and the case was submitted on the complaint and the plea of the general issue.

The plaintiff, while being examined as a witness, was asked: "Mr. Webb, in your opinion, how much were you damaged by reason of that overflow to your crop?" And the witness answered, "$200," and subsequently stated the nature and character of the crop on the land and the effect that the overflow had on the crop. The court also declined to permit the plaintiff to answer as to the amount of rent per acre he was paying for the land for the year 1911.

Given charge 3 is as follows: "I charge you, gentlemen of the jury, that, unless you are reasonably satisfied from the evidence that plaintiff sustained his alleged damage as a proximate consequence of the breaking of defendant's dam, you must find your verdict for defendant."

The following charges were refused defendant:    ,

"(6) If you believe from the evidence that plaintiff's damage was caused by overflow of both Clear Creek and the overflow by the breaking of defendant's dam, then your verdict should be in favor of defendant.

"(7) It is incumbent on plaintiff to reasonably satisfy you from the evidence that the damage claimed by him was caused exclusively by the breaking of defendant's dam before you are authorized to find a verdict in favor of plaintiff."

TILLMAN, BRADLEY & MORROW, and ALMON, ANDREWS & PEACH, for appellant.  The court erred in striking plea 2 from the file.—*Morgan v. Rhodes,* 1 Stew. 70; *Stewart, et al. v. Hargrove,* 23 Ala. 429; *Lindsey v. Morris,* 100 Ala. 550; *Powell v. Crawford,* 110 Ala. 300. The pleas set up an unprecedented rainfall and were sufficient.—*Shahan v. Ala. G. S. R. R. Co.,* 115 Ala.

181; s. c. 116 Ala. 302; *C. of Ga. v. Wyndham*, 126 Ala. 552; *So. Ry. v. Plott*, 131 Ala. 312; *Gulf Red Cedar Co. v. Walker*, 132 Ala. 533. Plaintiff should have been required to state the facts and not give his mere conclusion as to the damage sustained to his crop. Counsel discuss the other assignments of error, but without further citation of authority.

WILLIAMS & JONES, for appellee. This cause should be affirmed on the authority of *Sloss-S. S. & I. Co. v. McCullough*, 59 South. 210, and authorities there cited.

ANDERSON, J.—The gravamen of plaintiff's action was the causing of damages to his leasehold by an overflow of a pond maintained by the defendant, and which said overflow was caused by the breaking of a dam which had been insecurely built. If the creation of the pond so changed the natural flow of the water as to injure the plaintiff because of the insecurity of the dam, it matters not whether it was or was not negligently constructed, or whether or not the water course was negligently changed. The defendant owed the plaintiff the duty to not change the course of nature so as to interfere with the enjoyment of the subservient premises, and the failure of the complainant to charge a negligent act or omission in this respect was not fatal to the complainant.—*Ala. R. R. Co. v. Wilson*, 1 Ala. App. 306, 55 South. 932; *Sloss-Sheffield Co. v. McCullough*, 177 Ala. 448, 59 South. 210.

"A dam must be so constructed and maintained as to cause no damage to adjoining lands in times of such freshets and seasons of high water as might be reasonably anticipated from past experience and the meteorologic conditions of the region; but the owner of the dam is not liable for such injuries as result only from

extraordinary and unprecedented storms and floods." —40 Cyc. 682, and cases cited in notes 29, 30; *Sloss-Sheffield Co. v. McCullough, supra.*

The defendant's special plea 2 set up an unprecedented rainfall as the cause of the breaking of the dam and the overflow, and this was but a conclusion of the pleader, as there is no averment in said plea that the dam was so constructed and maintained as to withstand all waters as might be reasonably expected in times of freshets and high waters, which ordinarily occurred, or such storms and freshets as were not unusual or unprecedented. This omission rendered said plea subject to an appropriate ground of demurrer but did not justify the trial court in striking same. This plea was not prolix, irrelevant, or frivolous so as to authorize the striking of same under section 5322 of the Code of 1907.—*Powell v. Crawford,* 110 Ala. 300, 18 South. 302; *Lindsay v. Morris,* 100 Ala. 550, 13 South. 619.

It is true that this court has held in several recent cases that the trial court will not be reversed for striking a plea, whether properly so or not, if it is bad and cannot be amended so as to state a good defense without a departure from the defense therein attempted.— *Central of Ga. R. R. v. Sims,* 169 Ala. 295, 53 South. 826. The plea in question, however, was subject to an amendment by properly stating the defense attempted and without a departure therefrom, and the plaintiff should have been put to a demurrer to same and not have resorted to a motion to strike.

The trial court erred in permitting the plaintiff to testify as to the quantum of damages to his crop.—*Central of Ga. R. R. v. Barnett,* 151 Ala. 407, 44 South. 392. It may be that this error was cured by subsequent charges eliminating the right to recover for loss or damages to the crop. Upon the next trial, it will be safer

[Ledl etter, Admr., v. St. Louis & S. F. Ry. Co.]

to let the witness testify to facts and let the jury determine the amount of damages.

The defendant should have been permitted to prove what rent plaintiff was paying for the land the year of the damage. This was not conclusive as to the rental value or the best way to prove same, but, after the plaintiff had proved a rental value, it was proper for the defendant to bring out this fact upon cross-examination.

Charges 6 and 7, refused the defendant, were fully covered by the given charge.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.