(87 South. 798)

## BRODY v. ARMSTRONG. (6 Div. 200.)

(Supreme Court of Alabama. Jan. 27, 1921.)

1. Equity ⬄352—Taking testimony in shorthand and later reducing it to writing held not violation of statute requiring commissioner to reduce answers to writing.

An oral examination of a party before a commissioner agreed on by the parties is governed by Code 1907, p. 1546, chancery practice rule 65, subdivision 6 of which requires that the deposition shall be taken down in narrative form, and when completed read over to the witness and signed by him, or if he refuse to sign that fact shall be noted in the certificate, so that the taking of a party's testimony given in German in shorthand, to be subsequently transcribed into the English language, is not a violation of section 4039, requiring the commissioner to reduce the answers to writing; the objection that shorthand is not writing not being well taken.

2. Equity ⬄352—Shorthand notes of testimony in foreign language need not be immediately translated and written.

In view of Acts 1915, p. 705, recognizing the method, oral testimony in German may be taken

down in shorthand, and subsequently transcribed and reduced to the English language, and need not be immediately translated and written, when witnesses testify.

**3. Mandamus ⬤⟶3(1) — Writ will not issue where there is another adequate remedy.**

Mandamus to compel a register in chancery and commissioner to reduce petitioner's answers to writing is an extraordinary legal remedy, which is only to be granted where there is a clear specific legal right shown, for the enforcement of which there is no other adequate remedy.

**4. Mandamus ⬤⟶3(1)—Petitioner, asking that register in chancery and commissioner be compelled to reduce answers to writing, held to have other remedy by refusing to sign.**

In a proceeding in mandamus to compel the register in chancery and commissioner to reduce petitioner's answers to writing, where the petitioner makes no complaint that his testimony will not be properly submitted to him for consideration and for his signature, and will not be correctly certified and reported to the trial court, he is not entitled to a writ, since he has an adequate legal remedy by refusing to sign.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Petition by M. Brody for mandamus to be directed to Hunter Armstrong, as Register in Chancery and Commissioner, to require him to reduce the answers of petitioner to writing in relator's presence, etc. Decree denying petition, and relator appealed. Affirmed.

Appellant filed his petition in the circuit court of Jefferson county, seeking a writ of mandamus against Hunter Armstrong, register in chancery, who, as commissioner, was taking the oral depositions of appellant who was examined in a cause then pending upon the equity docket in said circuit court.

The petition shows in substance that the petitioner was being examined in a certain cause of Brody v. Maril, and that his testimony was being taken orally before the commissioner; that he had been examined on his direct examination and on his cross-examination, and at the time of the filing of the petition he was being examined on cross-examination in rebuttal of respondent's testimony—petitioner being a party complainant to said cause; and upon this cross-examination in rebuttal, the commissioner taking the testimony, being the party agreed upon in writing for that purpose, insists that the further testimony of witness be taken down in shorthand and thereafter transcribed into the English language. Petitioner insists that this is in violation of section 4039 of the Code of 1907, which requires that it shall be taken in writing, and that the commissioner should take the testimony and write the same in the English language at the time it is taken; that this is a matter of right on the part of the petitioner, and mandamus is sought to require him to do so.

The respondent. commissioner, demurred to the petition, which demurrer was sustained, and petitioner declining to plead further it was ordered that the same be denied. From this judgment of the court, petitioner prosecutes this appeal.

A. Latady, of Birmingham, for appellant.

Shorthand characters are not writing. 153 Iowa, 17, 132 N. W. 814; 132 Iowa, 253, 100 N. W. 866. The testimony must be reduced to writing in the presence of the witness. Section 4039, Code 1907; 57 Fed. 490, 6 C. C. A. 459. The witness may write his own answers. 17 Ga. 622; 134 La. 84, 63 South. 640. If the commissioner does not understand the phonetic characters, he cannot in the nature of things, comply with rules 6 and 65, Chancery Practice.

Beddow & Oberdorfer, of Birmingham, for appellee.

Mandamus does not lie in this character of case. 26 Cyc. 174, 199, and note. There is no such right as is here sought to be enforced. 147 Ala. 177, 41 South. 150; 121 Ky. 322, 89 S. W. 212, 11 Ann. Cas. 1065; 90 Iowa, 282, 57 N. W. 852; 18 C. J. 227; 13 Cyc. 935.

GARDNER, J. [1] The petitioner in this cause, appellant here, was being examined orally before a commissioner agreed upon by the parties in an equity suit then pending in the circuit court of Jefferson county, and he insists by this proceeding that upon such examination his legal rights are being denied in that the testimony is being taken in shorthand to be subsequently transcribed into the English language, and that this is violative of the provisions of section 4039 of the Code of 1907, which places the duty upon the commissioner to reduce the answer to writing or cause the same to be done. The argument is that this manner of taking testimony by shorthand is not writing—citing Howerton v. Augustine, 153 Iowa, 17, 132 N. W. 814, and Moller v. United States, 57 Fed. 490, 6 C. C. A. 459, which cases we have examined.

As we understand it, the argument of counsel for appellant is based upon the theory that by this method of examination he is deprived of the right of an examination of his testimony, and dependent upon the certificate of a commissioner as to the correctness thereof, after the same has been transcribed—all in violation of the foregoing section of the Code, and to his detriment and

disadvantage. In this insistence we do not agree. This is an oral examination had before a commissioner agreed upon by the parties, and is governed by rule 65, Chancery Practice, as found on page 1546 of the Code of 1907. Subdivision 6 of said rule requires that the deposition upon such oral examination shall be taken down in the form of a narrative, and when completed the same shall be read over to the witness and signed by him in the presence of the parties or counsel, or such of them as may attend, and that if the witness refuses to sign the officer taking the deposition shall state that fact in his certificate. Upon such examination therefore, so conducted, it is seen that the witness is given the fullest protection as to the correctness of his testimony, and provision is made not only for it being read over to him but for his signature to be attached thereto, if correct.

[2] Therefore the only question presented upon this appeal is whether or not the commissioner is required to reduce the testimony into the English language immediately upon the witness testifying, or, to facilitate the taking thereof, may he take it down in shorthand and have the same transcribed. We see no objection to this latter method, which, no doubt, is most commonly in use. and is so recognized by Acts 1915, p. 705, relating to the taking of oral testimony before the court.

[3] Petitioner here seeks an extraordinary legal remedy, which is only to be granted when there is clear specific legal right shown, for the enforcement of which there is no other adequate remedy. State ex rel. Troy v. Smith, 187 Ala. 411, 65 South. 942; Ex parte Huckabee, 71 Ala. 427.

[4] Here petitioner makes no complaint that his testimony will not be properly submitted to him for consideration, and for his signature, and that therefore his testimony will not be correctly certified and reported to the trial court, but only complains as to the manner of its taking. If incorrect, he has a remedy of refusing to sign the same, which is brought to the attention of the court where it will be presumed he will be given full protection. We are of the opinion that petitioner falls far short of coming within the rule for the granting of this extraordinary writ, and the ruling of the court thereon is correct.

The foregoing is by way of answer to petitioner's argument, and is not at all intended to indicate a different result would have been reached, had the examination been governed by section 4039 of the Code, as that question is not presented or considered.

The judgment of the court below will be affirmed.

Affirmed.

All the Justices concur.