(93 South. 590)

BRIGGS. v. PROWELL. (6 Div. 526.)

(Supreme Court of Alabama. June 1, 1922.)

I. Estoppel ⬅4—Defendant having procured removal of unlawful detainer proceeding to circuit court could not, by inconsistent statements, procure removal to equity docket.

In action of forcible entry and detainer, the defendant, having procured removal of the cause from the municipal to the circuit court by statement under oath that he had entered on the land peaceably and under claim of title and not under claim of any agreement, contract, or understanding with plaintiff or those under whom plaintiff claims, and that he bona fide desires to contest with plaintiff the title to such land, under Code 1907, §§ 4283, 4284, could not have case transferred to the equity side of the docket under Gen. Acts 1915, p. 830, by affidavit that he has an equitable right growing out of a contractual relation between plaintiff and defendant's predecessor required by defendant prior to his entry on the land; such averments being inconsistent with those made in petition for removal of the cause from the municipal to the circuit court.

2. Trial ⬅11(2)—Motion for transfer of cause to equity side of docket signed by attorney for party held insufficient.

Defendant's motion of transfer of cause to equity side of docket, signed by the attorney for the defendant in the form of a regular motion and not in the form of an affidavit, held insufficient, under Gen. Acts 1915, p. 831, § 2, requiring such motion to be verified by the affidavit of some person having knowledge of the facts.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action of unlawful detainer and forcible entry by V. Q. Prowell against W. S. Briggs. From a judgment for plaintiff, defendant appeals. Affirmed.

J. A. Simpson, of Birmingham, for appellant.

After removing the cause to the circuit court, defendant had the right to set up his equitable defense. Acts 1915, p. 830.

Coleman & Coleman & Spain, of Birmingham, for appellee.

A party who has, with knowledge of the facts, assumed a particular position in a jurisdictional proceeding, is estopped to assume a position inconsistent therewith, to the prejudice of the adverse party. 159 Ala. 645, 49 South. 255; 136 Ala. 356, 34 South. 905, 96 Am. St. Rep. 26; 132 Ala. 667, 32 South. 683.

MILLER, J. V. Q. Prowell filed this suit in the municipal court of Birmingham against W. S. Briggs to secure possession of lot 177, designated by No. 1512 on Second avenue in West End, Birmingham, Ala.

There were two counts in the complaint. One was in form No. 27, unlawful detainer; and the other was in form No. 28, forcible entry and unlawful detainer. 2 Civil Code (1907) p. 1200.

This municipal court has the jurisdiction of a justice of the peace court. Upon verified petition of the defendant under and as allowed by section 4283, and in accordance with section 4284 of the Code of 1907, the cause was removed from the municipal court to the circuit court for trial of title to the property. In the circuit court the defendant filed a motion in writing under an act approved September 28, 1915 (Gen. Acts 1915, p. 830), to

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

transfer the cause to the equity side of the docket. Plaintiff demurred to the motion; it was sustained by the court; the cause was tried by the court without a jury; and judgment was rendered in favor of plaintiff. The defendant appeals from this judgment, and assigns as error the order and judgment of the court sustaining demurrers of plaintiff to the motion of defendant to transfer the cause to the equity side of the docket. There is no bill of exceptions in the record. We have not before us the evidence on which the court rendered the final judgment in favor of the plaintiff for the lot. That part of the act (Gen. Acts 1915, p. 830) applicable reads:

"If an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, depends upon the assertion of an equitable right or defense by a party who is defendant or an intervening claimant in such suit at law, such party may assert such right or defense by a written motion filed in the cause, which shall state the substance of the equitable right or defense and be verified by the affidavit of some person having knowledge of the facts, and the legal sufficiency of such motion may be tested by demurrer and the facts therein may be controverted by affidavit." Section 2.

In order to bring this case of forcible entry and unlawful detainer from the municipal court into the circuit court, it was necessary, it was essential, under the statute, section 4283 of the Code of 1907, for the defendant to state under oath that he "entered on the land sued for peaceably and under claim of title thereto, and not under claim of any agreement, contract, or understanding with the plaintiff, or those under whom he claims, and that [he] bona fide desires to contest with plaintiff the title to said land." Section 4283, Code 1907.

[1] This statement under oath was made by defendant, and he thereby secured the removal of the cause from the municipal into the circuit court. Section 4284, Code 1907. The defendant now by motion in writing seeks to transfer this cause in the circuit court from the law side to the equity side of the docket by averring in the motion under oath that he has an equitable right or defense growing out of a contractual relation between plaintiff and W. D. Mullins in regard to the land or lot, and that "W. D. Mullins through mesne conveyance conveyed his interest in said property to Simpson-De Ramus Realty Company," and "defendant bought out the interests of Simpson-De Ramus Realty Company in the property in question prior to his (defendant's) entry thereon, and prior to plaintiff's attempt to foreclose against the rights of said Simpson-De Ramus Company."

The defendant's equity, if it exists, grows out of his agreement, contract, or understanding with Simpson-De Ramus Realty Company. The motion to remove the cause to the equity docket is based entirely upon alleged contractual relations existing between the predecessors in title to the defendant with plaintiff. These averments under oath in the motion are inconsistent with and repugnant to the statements under oath in the petition to remove the cause from the municipal court to the circuit court. The defendant could not introduce testimony in this cause to contradict the statements in the petition to remove the cause from the municipal to the circuit court. The defendant cannot by written motion state facts under oath contradicting the sworn statements in the written petition to secure a transfer of the cause from the law to the equity docket. The sworn facts alleged in the motion for transfer contradict the sworn facts alleged in the petition for the removal of the cause; they are irrelevant and incompetent testimony in this cause, and defendant is estopped from setting them up and introducing them in this cause. Brown v. French, 159 Ala. 645, 49 South. 255. A party cannot, with knowledge, by a sworn statement of facts, secure the aid of the court to transfer the case from one court to another, then change after the transfer and by a contrary statement of facts under oath, inconsistent with the other statement, secure another transfer of the same case from a court of law to a court of equity. "A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." 16 Cyc. 796. This principle was approved in Brown v. French, 159 Ala. 645, 49 South. 255.

[2] This motion for a transfer of the cause is signed:

"J. A. Simpson, for W. S. Briggs." "Sworn to and subscribed before me this 9th day of June, 1921. Henry E. Simpson, Notary Public."

The motion, under the act (Gen. Acts 1915, p. 830), section 2, must "be verified by the affidavit of some person having knowledge of the facts." The motion is in regular form and not in the form of an affidavit. This is not such a verification of the averments in the motion by the affidavit of some person having knowledge of the facts as the statute contemplates. It appears to have been sworn to by the attorney for W. S. Briggs. There is no affidavit as the statute contemplates, and there is nothing in the motion showing the attorney had knowledge of the facts contained in it. There is nothing showing the allegations are known to affiant. There is no statement under oath that the facts alleged in the motion are true and known to affiant.

"An affidavit is a statement of facts under oath, reduced to writing and certified to by the officer before whom the same is made. It is usually, though not necessarily, unless required by statute, signed by the affiant." Al-

bert Holman v. State, 144 Ala. 95, 39 South. 646; Wright v. Smith, 66 Ala. 546; Watts v. Womack, 44 Ala. 607; Ellis v. Drake, 203 Ala. 457, 83 South. 281.

The court did not err in sustaining demurrers to the motion, and in refusing to transfer the cause to the equity docket.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.