140 So. 762

**Ex parte LOCKHART.**

**6 Div. 961.**

Supreme Court of Alabama.

Jan. 14, 1932.

Rehearing Denied April 7, 1932.

Von L. Thompson and Cora R. Thompson, both of Birmingham, for petitioner.

E. M. Zeidman, of Birmingham, for respondent.

GARDNER, J.

This mandamus proceeding is to review the ruling of the circuit court retransferring, on plaintiff's motion, the case of unlawful detainer of N. B. Smith versus George Lockhart, originally brought in the municipal court of Birmingham, First division, and which had been transferred to the circuit court by order of one of the circuit judges upon defendant's petition.

■■ The demurrer to the petition takes the point that the original order of removal was improvidently granted upon the theory the verified petition therefor was lacking in jurisdictional averments, in that it failed to state defendant entered upon the land "not under claim of any agreement, contract or understanding with the plaintiff, or those under whom he claims." We think the point well taken. A verified petition containing averments in substantial compliance with the essential elements named in the statute (section 8024, Code 1923) has been considered as a condition precedent to the removal order. "Indeed, section 4283 [referring to Code 1907] requires, as a condition precedent to removal, that the defendant shall state in a sworn petition that he entered upon the land, not only peaceably, but under claim of title thereto, and not under any claim of any agreement, contract, or understanding with the plaintiff, or those under whom the plaintiff claims." Self v. Comer, 166 Ala. 68, 52 So. 336, 337. See, also, Brown v. French, 159 Ala. 645, 49 So. 255. And in Briggs v. Prowell, 207 Ala. 629, 93 So. 590, such sworn petition containing these averments was held to be "necessary * * * essential * * * in order to bring this case * * * into the circuit court." It is readily seen that the statutory language here omitted from the petition for removal constitutes one of the most fundamental requirements of the statute, and with its omission the order was improvidently issued. This being made to appear to the circuit court by motion to set the same aside and retransfer the case to the municipal court, we think the trial judge correctly ruled in granting the same, as the case was improperly brought into the circuit court in the first instance.

The opinion here prevails that the demurrer to this petition should be granted, and the petition dismissed.

Demurrer sustained; petition dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

### On Rehearing.

We had not, upon original consideration of this cause, overlooked the authorities relied upon by petitioner (Mann Lumber Co. v. Bailey Iron Works, 156 Ala. 598, 47 So. 325; Sloss-Sheffield Co. v. Webb, 184 Ala. 452, 63 So. 518; Troy Fertilizer Co. v. State, 134 Ala. 333, 32 So. 618), which are to the general effect that, unless the pleading is prelix, irrelevant, or frivolous, a motion to strike is not the appropriate remedy, but resort should be had to a demurrer. But we were of the opinion these authorities were without application in the instant case, where a statutory right of removal was involved, and the petition lacked jurisdictional averment to that end.

■■ Petitioner complains of a lack of opportunity to amend. But the only motion presented by petitioner made no reference to any amendment concerning the matter of jurisdictional averment noted in the foregoing opin-

ion. Had an offer to so amend been thus duly presented, it may be the court would have been justified in treating the matter as a renewed application in due form for an order of removal at that time. But such contingency need not be here considered, as no such amendment was offered. And it should not be overlooked that petitioner seeks an extraordinary writ, for the granting of which he must show a clear, specific, legal right (Brody v. Armstrong, 205 Ala. 263, 87 So. 798), and, clearly, the court, as the record thus stood, was justified in a retransfer of the cause to its original jurisdiction.

The cases of Self v. Comer, Brown v. French, and Briggs v. Prowell, noted in the original opinion, were not cited as here directly in point, but only as indicating the view of the court, as expressed in those authorities, that the petition for removal lacked this jurisdictional averment, which was considered as a condition precedent to removal.

We are not persuaded that our original opinion is erroneous, and the application will accordingly be denied.

Application for rehearing denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.